**O'BRIEN, Warden v. LINDSEY.**

No. 4717.

United States Court of Appeals
First Circuit.

March 5, 1953.

George Fingold, Atty. Gen. of Massachusetts, and Arnold H. Salisbury, Asst. Atty. Gen. of Massachusetts, on memorandum for appellant.

Wilbur G. Hollingsworth, Boston, Mass., on motion for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

On March 21, 1949, Frederick Lindsey, appellee herein, was sentenced to prison for concurrent terms of seven to nine years upon conviction, after trial in the Superior Court for Suffolk County, Massachusetts, of the offences of incest and carnal abuse of a female child. After unsuccessful efforts to procure his release by a petition for a writ of error filed in the Supreme Judicial Court, Lindsey filed a petition for a writ of habeas corpus in the court below. The district court ordered the writ to issue and held a full hearing on the merits, as a result of which the court concluded "that the convictions obtained in this case in the Superior Court of the Commonwealth of Massachusetts were without due process of law and in contravention of the Fourteenth Amendment to the United States Constitution." The final order of the district court, entered December 31, 1952, read as follows:

"On the petition for habeas corpus it is

"Ordered that the applicant be remanded to the custody of the respondent Warden, who is ordered to present this applicant to the proper State Court for a new trial within thirty days or to discharge him from custody at the expiration of that time."

From this order the Warden, respondent in the habeas corpus proceeding, filed a notice of appeal on January 5, 1953. On the same day the district judge filed a certificate: "I find probable cause for the allowance of appeal to the Court of Appeals for the First Circuit." See 28 U.S.C. § 2253.

Subsequently, on January 29, 1953, the district judge granted an application by appellant for a stay of judgment pending the appeal.

On February 9, the district judge denied a petition by appellee for enlargement upon personal recognizance pending appeal. Thereupon, appellee presented to this court a petition in similar terms, in which it was recited that appellee is without funds and would be unable to furnish surety.

We do not think that the release of appellee from State's Prison is mandatory pending appeal; and assuming that we have discretion in the matter, we are satisfied that we ought not to order his release.

Rule 45 of the Revised Rules of the Supreme Court of the United States, 28 U.S.C.A., which for convenience we have incorporated in our Rule 38, is as follows, 306 U.S. 724:

"1. Pending review of a decision refusing a writ of habeas corpus, the custody of the prisoner shall not be disturbed.

"2. Pending review of a decision discharging a writ of habeas corpus after it has been issued, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, or enlarged upon recognizance with sure-

ty, as to the court or judge rendering the decision may appear fitting in the circumstances of the particular case.

"3. Pending review of a decision discharging a prisoner on habeas corpus, he shall be enlarged upon recognizance, with surety, for his appearance to answer and abide by the judgment in the appellate proceeding; and if in the opinion of the court or judge rendering the decision surety ought not to be required the personal recognizance of the prisoner shall suffice.

"4. The initial order respecting the custody or enlargement of the prisoner pending review, as also any recognizance taken, shall be deemed to cover not only the review in the intermediate appellate court but also the further possible review in this court; and only where special reasons therefor are shown to this court will it disturb that order, or make any independent order in that regard."

The first three numbered paragraphs of the above rule, in substantially their present form, were originally promulgated by the Supreme Court in 1886 as its Rule 34, 117 U.S. 708. The rule made no special reference to habeas corpus proceedings in a federal district court where the detention complained of arose out of process issued by a state court; and we suspect that in 1886, when the rule was first put out, the Supreme Court did not advert to the delicate problem of federal-state relationships. Certainly at that time the possibilities of federal habeas corpus to procure release from state detention were not fully appreciated. See Jackson, J., concurring, in Brown v. Allen, 1953, 344 U.S. 443, 532, 73 S.Ct. 397, 437. In view of the importance which the problem has assumed in more recent years, perhaps Rule 45 ought to be revised to deal specifically with the situation where a petition for a writ of habeas corpus is filed in the federal district court complaining of a detention pursuant to judgment of a state court. Weighing the relevant considerations of policy, it is by no means clear that as a matter of right and routine a state prisoner should be set at large pending review in a court of appeals of a federal district court order discharging the prisoner on habeas corpus.

■ However that may be, the order of the district court now on appeal was not "a decision discharging a prisoner on habeas corpus" within the meaning of paragraph 3 of Rule 45, above. Though the district court found that the detention of the prisoner under the judgment of conviction in the Superior Court was in violation of his constitutional rights, the court did not deem it appropriate to set the prisoner at large, but entered an order which contemplated that the state might retain hold of the prisoner for a period of thirty days, within which arrangements might be made for a new trial on the original indictments, failing which the prisoner was to be discharged from custody. And when the Commonwealth took an appeal from this order of the district court, thus keeping in litigation whether the original convictions were lawful or not, it was obviously inappropriate for the state to commence proceedings for a new trial. For that reason, we suppose, the district court entered its order for stay of judgment pending the outcome of the present appeal.

■ It has been settled in a long line of cases that when upon habeas corpus it is concluded that the detention is unlawful, the outcome is not necessarily an order directing the immediate discharge of the prisoner. See Medley, Petitioner, 1890, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835; In re Bonner, 1894, 151 U.S. 242, 261, 14 S.Ct. 323, 38 L.Ed. 149; Mahler v. Eby, 1924, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549; Dowd v. U. S. ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215. See also Bryant v. United States, 8 Cir., 1914, 214 F.51; Wilson v. Bell, 6 Cir., 1943, 137 F.2d 716; Price v. Zerbst, D.C.N.D.Ga., 1920, 268 F. 72; Goulette v. Hunter, D.C.D.Kan., 1947, 73 F.Supp. 717.

■ Whether the present was a proper case for the district court to delay the release of the petitioner, after concluding on habeas corpus that his detention under the state court judgment of conviction was unlawful, is not before us for decision. Appellee cannot complain of the district

court's order in this respect, since he took no appeal from it.

As stated above, the order now on appeal is not "a decision discharging a prisoner on habeas corpus" within the meaning of paragraph 3 of Rule 45. It is evident that the three categories mentioned in Rule 45 are not exhaustive. The present situation is not covered by the rule at all. Therefore, discharge of the state prisoner pending this appeal is certainly not mandatory. If we have discretion in the matter, it is our view that it would be unwise and inappropriate for us in the circumstances of this case to interfere with the enforcement of the state's criminal law by directing the Warden of the State Prison to discharge the convicted prisoner pending our hearing and determination of the issue whether the judgment of conviction, under which appellee is presently held, was obtained in violation of the due process clause of the Fourteenth Amendment. The Commonwealth's appeal cannot be assumed to be frivolous, in view of the district judge's certificate of probable cause.

An order will be entered denying the petition for enlargement.