116 So.2d 615

### Ex parte Willard TERRY.

### 8 Div. 699.

Court of Appeals of Alabama.

Dec. 15, 1959.

Thos. C. Pettus, Moulton, for petitioner.

MacDonald Gallion, Atty. Gen., for the State.

PRICE, Judge.

This is an application for leave to apply to the Circuit Court for a writ of error coram nobis. The petitioner entered a plea of guilty to a charge of burglary in

the second degree in the Circuit Court of Colbert County, and was adjudged guilty by the court.

The petition avers that an appeal was taken from said judgment to this court, and that we granted a motion to dismiss the appeal on September 8, 1959. Our records show the transcript of the record was not filed here within the time required by Supreme Court Rule 37, Code 1940, Title 7, Appendix. On motion of the state the record was stricken and the appeal dismissed. Terry v. State, 8th Div. 665.

"A proceeding for a writ of error coram nobis is in the nature of a new civil suit, and must be filed as part of the proceedings in the case to which it refers, and in the court which rendered the judgment. 24 C.J.S. Criminal Law § 1606(2), p. 146, notes 15 and 16; House v. State, supra, (130 Fla. 400, 177 So. 705.)" Smith v. State, 245 Ala. 161, 16 So.2d 315, 316.

In Ex parte Smith, 265 Ala. 60, 89 So.2d 694, the court dismissed the application for error coram nobis where petition for certiorari for a review of a decision of this court had been dismissed for failure to comply with Supreme Court Rules. The court cited Ex parte Williams, 255 Ala. 648, 53 So.2d 334, 335, where it is said:

"Application to this court for leave to proceed in the circuit court is necessary only in cases where this court has assumed and exercised its appellate jurisdiction to review the judgments of nisi prius courts on appeal or writ of error and through such review the judgment of the trial court has become merged in the judgment of the Supreme Court."

The petition for leave to proceed shows on its face that it is without merit, and must be dismissed. It is so ordered.

Petition dismissed.