M. J. WIMAN, Warden, et al., Appellants,

v.

Jimmy ARGO, Alias, Appellee.

Jimmy ARGO, Alias, Appellant,

v.

M. J. WIMAN, Warden, et al., Appellees.

No. 19979.

United States Court of Appeals
Fifth Circuit.

Aug. 31, 1962.

Certiorari Denied Dec. 10, 1962.

See 83 S.Ct. 306.

MacDonald Gallion, Atty. Gen. of Alabama, John C. Tyson, III, Asst. Atty. Gen. of Alabama, Montgomery, Ala., for appellant Wiman.

Robert E. Varner, Montgomery, Ala., for appellee.

Before RIVES and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

Jimmy Argo is in the custody of M. J. Wiman, the Warden of Kilby Prison, Alabama, serving a six-year sentence imposed upon him as a result of his conviction for grand larceny of a shipment of cigarettes and the truck in which they were being carried. After a full hearing on Argo's petition for habeas corpus, the district court concluded, "that the denial of Argo's motion for a short continuance or delay so that his retained counsel, Arthur Parker, could be located and be present, and the appointment of counsel who was not familiar with Argo's case, and the putting of Argo to trial with appointed counsel in the absence of his retained counsel, was arbitrary action on the part of the trial judge to an extent that Argo on March 17, 1960, in the Circuit Court of Jefferson County, Alabama, was denied his due process rights in a constitutional sense." The district court ordered Argo discharged from such custody as was pursuant to the judgment of conviction, but denied his motion to restrain and enjoin the State Authorities from rearresting and reprosecuting him on the same charges. There is no substantial dispute about the basic evidentiary facts which are suf-

ficiently stated in the three orders of the district court.[1]

Appeals were taken both by the respondent and by the petitioner. On July 31, the writer ordered that Argo's discharge from custody be stayed until the respondents' appeal can be heard and determined. The appeals were submitted on briefs and oral arguments on Wednesday, August 8, 1962. The Court took time for consideration and study of the important questions presented.

■ Meanwhile, Argo, through his court-appointed counsel, Robert E. Varner, Esquire,[2] requested that he be enlarged upon recognizance with surety as is provided in Supreme Court Rule 49, 28 U.S.C.A. and in Rule 33 of this Court, 28 U.S.C.A. in cases where the review is "of a decision discharging a prisoner on habeas corpus." See O'Brien v. Lindsey, 1 Cir., 1953, 202 F.2d 418, 420. We entered an order providing that:

"* * * he shall be enlarged upon recognizance or bail bond payable to the United States of America and the State of Alabama in the amount of Four Thousand Dollars ($4,000.00) with surety conditioned for his appearance[1] in the district court to answer and abide by the judgment of this Court and by the judgment of the Supreme Court of the United States in the event of further review in that Court. Said bond shall be with good and sufficient surety to be approved by the Clerk of the United States District Court for the Middle District of Alabama.

"1. 'Apear' or 'appearance' as used in any such bond includes the meaning and requirement that the appellee prisoner personally appear in the district court even though the judgment of the district court may be affirmed. Only by that construction of 'appear' and 'appearance' can the Court avoid creating a hindrance or obstacle to the State of Alabama in its possible right to rearrest and reprosecute the appellee prisoner under the same indictment or for the same offense. See Wiman v. Powell, 5 Cir., 1961, 293 F.2d 605, 608, No. 2, and authorities there collected."

Argo has been unable to furnish such a bail bond, according to the report of his counsel, and is still in custody.

After thorough consideration, we find ourselves in agreement with the findings of fact and conclusions of law of the district court as embodied in its three orders, except that we do not think that its conclusion that "Argo has exhausted the remedies available to him in the courts of the State of Alabama" is sustained by its footnote facts stated, perhaps inadvertently, as follows:

"1 Argo appealed his conviction to the Court of Appeals of Alabama where it was affirmed on May 31, 1960, without opinion. In March, 1961, Argo filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County, Alabama, which petition was denied. An appeal from this denial resulted in an affirmance dated June 30, 1961 and reported in Ala.App., 133 So.2d 201. An application for certiorari to the Supreme Court of Alabama was denied September, 1961, 272 Ala. 699, 133 So.2d 203. An application for writ of certiorari to the Supreme Court of the United States was denied in January, 1962, without opinion. Argo v. Wiman, 368 U.S. 977, 82 S.Ct. 481, 7 L.Ed.2d 439."

The Attorney General of Alabama, representing the respondent, considers, and commendably so we think, that an understanding of the remedies available in Alabama to test the validity of judg-

---

1. Two of these orders are dated July 27, 1962, and the order denying the respondents' motion for rehearing is dated July 31, 1962. Due to the importance of the case, all three orders should, we think, be published in the Federal Supplement. 209 F.Supp. 299.

2. Mr. Varner has been extremely able, thorough and diligent in the performance of his duties. He deserves and is given the commendation and thanks of this . Court.

ments of conviction of State prisoners is a matter of much importance and he urges us to correct any possible misunderstanding. In response, we state our views on the subject.

 Habeas corpus is available in Alabama to attack a judgment of conviction only when its invalidity appears on the face of the proceedings; that is, of the record *proper*, the indictment, judgment, etc. Vernon v. State, 1941, 240 Ala. 577, 200 So. 560, 563. The remedy where the alleged invalidity appears in the evidence or must be established by parol testimony is the common-law writ of error coram nobis. Johnson v. Williams, 1943, 244 Ala. 391, 13 So.2d 683, 686. That case also declares the rule that when the judgment of conviction has been affirmed on appeal, leave must first be secured from the appellate court to petition the trial court for a writ of error coram nobis. When an appellate court does not actually assume and exercise its jurisdiction to review a judgment by appeal or otherwise, application to the appellate court for leave is not necessary or even permissible, and the petitioner has a right to seek relief in the State circuit court in which he was convicted. Ex parte Williams, 1951, 255 Ala. 648, 53 So.2d 334; Ex parte Smith, 1956, 265 Ala. 60, 89 So.2d 694; Ex parte Terry, 1959, 40 Ala.App. 538, 116 So.2d 615; Allison v. State, Ala., 1962, 137 So.2d 761.

 There is no constitutional inhibition to a state's providing for review of a judgment of conviction by coram nobis instead of habeas corpus. Hysler v. Florida, 1942, 315 U.S. 411, 416, 417, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932; Taylor v. Alabama, 1948, 335 U.S. 252, 261, 68 S.Ct. 1415, 92 L.Ed. 1935. In an unreported opinion denying a certificate of probable cause for appeal (28 U.S.C.A. § 2253), the writer had commented:

"True it appears from the record that the acts of the petitioners forming the basis of their judgments of conviction for disorderly conduct un-

der Section 311 of the General City Code of Birmingham of 1944 may have consisted of nothing more than their peaceable efforts to test the constitutionality of an ordinance of the City of Birmingham delegating to the Birmingham Transit Company the power to make rules requiring the seating of passengers according to race, which ordinance has now been held unconstitutional. Boman v. Birmingham Transit Co., 5 Cir., 1960, 280 F.2d 531. If that be true, then the acts of the petitioners which occasioned their arrests and convictions were acts protected by the Constitution, and the petitioners are now in custody in violation of of the Constitution of the United States. See 28 U.S.C.A. § 2241. At this stage, however, * * * it appears that the petitioners still have available remedies under the laws of the State of Alabama as adequate as habeas corpus in the federal district court, to raise the question of whether for any reason the petitioners are now in custody in violation of the Constitution of the United States, and particularly the question of whether Section 311 of the General City Code of Birmingham of 1944 is unconstitutional on its face.[1]

"1. Whether by petition for habeas corpus or by petition for writ of error coram nobis is not for me to say. See Ex parte, Lee, Ala., 1946 [248 Ala. 246], 27 So. 2d 147; Johnson v. Williams, Warden, Ala., 1943 [244 Ala. 391], 13 So.2d 683."

Phifer and Shuttlesworth v. Moore, decided February 12, 1962. The Supreme Court vacated that order and remanded the case to the district court "with instructions to hold the matter while petitioner pursues his state remedies (as indicated in the opinion of Judge Rives denying a certificate of probable cause), including an application for bail to state courts pending disposition of petitioner's application for state relief." In the Matter of Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548. Thus the Supreme Court followed its usual course of relying primarily upon the local judge for

the existence of state remedies. After further study, it appears that the writer may have made too broad a statement in saying that state habeas corpus and coram nobis furnish "remedies under the laws of the State of Alabama as adequate as habeas corpus in the federal district court."

In the federal courts the writ of habeas corpus extends to a prisoner whenever "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2241(c) (3). Whether in any case a prisoner must prove to the satisfaction of the court that he is innocent as a part of his proof that he is in custody in violation of the Constitution seems to the writer an extremely doubtful proposition. Certainly, in many cases that is not required. For example, a prisoner may complain of the severity of his punishment. That the death penalty might not have been imposed if the prisoner's constitutional rights had been observed was included within the issues in United States ex rel. Goldsby v. Harpole, 5 Cir., 1959, 263 F.2d 71, and in United States ex rel. Seals v. Wiman, 5 Cir., 1962, 304 F.2d 53. The actual guilt or innocence of the prisoner-petitioner is not usually, if ever, within the issues to be decided on a habeas corpus hearing before a federal court.

On the other hand, the Alabama Supreme Court has declared at least in two cases that the writ of error coram nobis is available to a prisoner only when "it is made clearly to appear that petitioner has a valid defense." Ex parte Taylor, 1947, 249 Ala. 667, 32 So.2d 659, 661; Ex parte Fewell, 1954, 261 Ala. 246, 73 So. 2d 558, 561. The strict limitations thus imposed upon the availability of habeas corpus and coram nobis may raise serious questions in some cases as to whether those writs considered together constitute an adequate remedy in the state courts to be exhausted before resort is had to a federal court. 28 U.S.C.A. § 2254. No such questions are presented upon this appeal.

■ In the present case, while the state habeas corpus proceedings noted by the district court were pending, Argo also made application for leave to file a petition for writ of error coram nobis, which application was denied by the Court of Appeals of Alabama in an opinion reported at 137 So.2d 755, extended on rehearing at 137 So.2d 756, 757. The Supreme Court of Alabama denied certiorari, 137 So.2d 757, 758, and on April 23, 1962, the Supreme Court of the United States denied certiorari in a cause entitled Argo v. Alabama, 369 U.S. 862, 82 S.Ct. 952, 8 L.Ed.2d 20. These coram nobis proceedings, to which the district court probably intended to refer, lead us to agree that Argo has exhausted the remedies available to him in the State courts.

■ As to the petitioner's appeal, the question of whether he can be rearrested and re-tried on the same charges is a matter to be decided by the State courts in the first instance, and cannot be decided in advance by the district court or by this court. Wiman v. Powell, 5 Cir., 1961, 293 F.2d 605, 608, n. 3.

In other respects, we need not add to the findings of fact and conclusions of law of the district court. The judgment is affirmed, and the time for Argo's discharge from custody pursuant to his judgment of conviction is fixed as not later than *10:00 A.M., Tuesday, September 4*, 1962. If, prior to that time, the respondent indicates an intention to seek review in the Supreme Court of the United States, we will enter a further order of stay but will substantially reduce the amount of bail bond required for Argo's enlargement.

This judgment takes effect as of 9 A.M., Friday, August 31, 1962, counsel having been notified. The mandate will be considered as having been issued immediately.

Affirmed.

GEWIN, Circuit Judge (specially concurring).

Under the federal decisions relating to habeas corpus, applying the "clearly er-

roneous" rule applicable to findings of fact by the trial court, assuming that the district court intended to refer to coram nobis proceedings in the footnote mentioned and referred to on page 676 of the opinion by Judge RIVES, and it appearing that Argo has exhausted the remedies available to him in the state courts, I concur in the results reached in the well-reasoned and logical opinion written by Judge RIVES.

I fully agree with the Attorney General and with Judge RIVES " * * * that an understanding of the remedies available in Alabama to test the validity of judgments of conviction of State prisoners is a matter of much importance * * * ". I likewise agree with the statement in the opinion that "There is no constitutional inhibition to a state's providing for review of a judgment of conviction by coram nobis instead of habeas corpus." In my view, the statement of Judge Rives in the unreported case of Phifer and Shuttlesworth v. Moore, decided February 12, 1962, and referred to by him on page 677 of his opinion, is a correct statement of the law. He underestimates the splendid conclusion there reached by now stating:

> "After further study, it appears that the writer may have made too broad a statement in saying that state habeas corpus and coram nobis furnish 'remedies under the laws of the State of Alabama as adequate as habeas corpus in the federal district court.'"

Rather, I thoroughly approve of his former conclusion. As to Alabama procedure, it cannot be said, " * * * that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner". 28 U.S.C.A. § 2254.

Comity and a delicate balance of interjurisdictional relationships between federal and state courts are factors quite as important as the review of state convictions by a federal district judge whose findings of fact import verity when witnesses have testified. A review of such findings in this court is extremely limited. Federal courts must know that state courts are just as much concerned with the preservation of federal Constitutional rights as are the federal courts. Convictions of state prisoners which have been reviewed by the entire hierarchy of state courts from top to bottom, should not be subject to constant federal judicial review except in case of extreme urgency or unusual circumstances.

We have no quarrel with the philosophy that makes sure that innocent men are not punished, that meritorious claims are not slighted, and that miscarriages of justice should be corrected at all costs. It is doubtful however, that federal judges with federal procedure serve these principles any better than state judges with state procedure. The federal courts are filled with frivolous and repeated petitions seeking release from confinement on strange and unusual grounds. Often such petitions are based upon assertions of alleged facts, which have originated in the fertile minds of cunning criminals. There are numerous examples where federal courts, no doubt prompted by the highest motives, have released dangerous state prisoners who could not be re-tried for heinous crimes because of the lapse of time or the absence of witnesses. Of interest is an article entitled "Federal Habeas Corpus Review of State Court Convictions" by Honorable Charles S. Desmond, Chief Judge, New York Court of Appeals, 50 Georgetown Law Journal 755 (1962). Judge Desmond commences his article with the following quotation attributed to Justice Robert H. Jackson:

> " * * * call it res judicata or what one will, courts ought not to be obliged to allow a convict to litigate again and again exactly the same question on the same evidence. * * * The writ has no enemy so deadly as those who sanction the abuse of it, whatever their intent."

Nothing herein stated is intended to be critical of the opinion written by Judge RIVES, whose opinions generally, as well as the one he has written in this

case, demonstrate refined logic, a full grasp of the law and the facts, and unusual sincerity of purpose. He has rendered a service to the State of Alabama in reviewing the subject under consideration. Under modern jurisprudence, his judgment as to what will be required of the State of Alabama in the nature of State remedies or State corrective process, is far superior to mine.