UNITED STATES of America ex rel.
Joseph CALHOUN, Petitioner-
Appellee, Cross-Appellant,

v.

Frank J. PATE, Warden of the Illinois
State Penitentiary, Respondent-
Appellant, Cross-Appellee.

Nos. 14598, 14675.

United States Court of Appeals
Seventh Circuit.

Feb. 3, 1965.

Robert Jay Nye, Chicago, Ill., for appellant, Calhoun.

William G. Clark, Atty. Gen. of Illinois, Daniel P. Ward, State's Atty., Cook County, Chicago, Ill., for respondent-appellant, Pate, Elmer C. Kissane, James R. Thompson, Jr., Asst. State's Attys., of counsel.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Relator Joseph Calhoun was convicted in a bench trial in the criminal Court of Cook County on a charge of unlawful sale of narcotics and sentenced to serve twenty-five years in the Illinois State Penitentiary. On an appeal alleging among other grounds that guilt had not been proven beyond a reasonable doubt, the Supreme Court of Illinois, People v. Calhoun, 22 Ill.2d 31, 174 N.E.2d 166, affirmed the conviction and the United States Supreme Court denied certiorari,

368 U.S. 935, 82 S.Ct. 373, 7 L.Ed.2d 196.

Relator then filed his petition for writ of habeas corpus in the United States District Court alleging that there had been no evidence to support the conviction and that known perjured testimony had been used by the prosecution.

Respondent-appellant, Warden Frank J. Pate, moved to dismiss the petition on the ground, *inter alia,* that relator had failed to exhaust state remedies. This motion was denied as was another motion challenging the jurisdiction of the District Court. Respondent's motion for a more definite statement of the cause of action (relator now being represented by Court-appointed counsel) was also denied.

Respondent filed an answer denying that the District Court had jurisdiction. Relator's motion, to strike the answer on the ground that the Court had twice ruled as a matter of law that it had jurisdiction, was entered and continued to April 25, 1963, at which time order was entered giving leave to respondent to amend his answer and the cause was continued to May 2, 1963 to set hearing on the petition for writ of habeas corpus and relator's motion to strike portions of the answer. On that date the respondent filed an amended answer admitting jurisdiction in the District Court. Respondent argues that under these circumstances, fearing judgment by default, respondent cannot be said to have waived or abandoned the jurisdictional defense.

In the field of habeas corpus, this court has said that the parties cannot bestow jurisdiction by agreement. United States ex rel. Circella v. Sahli, 7 Cir., 1954, 216 F.2d 33, 37. See also Ahrens v. Clark, 335 U.S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948).

Relator's motion for summary judgment on the ground that the state court conviction was supported by no evidence was denied.

The State's Attorney's appearance as co-counsel for respondent was stricken on the ground that the statute which allows the State's Attorney to defend state officers sued in Cook County is inapplicable in the Northern District of Illinois which embraces more than one county.

The District Court then granted the relator's motion for summary judgment on the ground that the record showed only a scintilla of evidence and that conviction on such mere scintilla of evidence constituted a denial of due process of law as a matter of law. This appeal by respondent followed.

Study of the record indicates that relator has not presented to an Illinois State court his claim that his conviction was completely unsupported by any evidence of his guilt, and that the prosecution presented known perjured testimony at his trial.

Relator has not exhausted his state remedies as required by Title 28, U.S.C. A. § 2254. Relator may possibly prove to be correct in his present conjecture that the Illinois Supreme Court will consider its review on writ of error to be *res judicata* as to all questions which were not, but could have been, raised. Nevertheless, the Illinois State Court should have the opportunity to correct an alleged constitutional violation. Fay v. Noia, 372 U.S. 391, 419–420, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963).

■ Application for writ of habeas corpus is a state remedy available to relator. People v. Loftus, 400 Ill. 432, 81 N. E.2d 495 (1948); People v. Hoskins, 25 Ill.2d 333, 336, 185 N.E.2d 214, 216 (1962).

■ In our opinion, the decision of the District Court must be reversed. The District Court erred in assuming jurisdiction of this petition for writ of habeas corpus when relator had not exhausted at least one available state remedy before filing his petition in the District Court.

In his cross-appeal relator contended that respondent's motion for issuance of a certificate of probable cause was untimely filed and that certificate of probable cause ought not to have been issued; that stay of execution of the District Court's judgment ought not to have been granted; and that relator should have

been released on bail or on recognizance pending review of the judgment in his favor. He also asserts that an appeal bond should have been required of the appellant.

 Relator argues that Rule 11(c) of this Court which provides that the prisoner may be detained in custody or enlarged on recognizance pending review of a judgment in his favor on a petition for writ of habeas corpus, is inconsistent with and must give way to Rule 49, subdivision 3 of the Supreme Court which provides for enlargement of a prisoner pending review of a decision discharging him on habeas corpus. The predecessor to the Supreme Court rule, which was substantially similar to it, was considered in O'Brien v. Lindsey, 1 Cir., 1953, 202 F.2d 418, and held not to require enlargement of a state prisoner pending review. In denying relator's emergency application for release pending review in this Court, Mr. Justice Clark cited O'Brien v. Lindsey, supra.

 The requirement for securing a certificate of probable cause by one appealing a final order in habeas corpus proceedings where the detention complained of arises out of process issued by a state court does not apply to a state or its representative where a writ has been allowed and the respondent is the appellant. United States ex rel. Tillery v. Cavell, 3 Cir., 1961, 294 F.2d 12, 14, 15, cert. den. Tillery v. Maroney, 370 U.S. 945, 82 S.Ct. 1589, 8 L.Ed.2d 811.

 This Court considered the question of an appeal bond when that point was raised in connection with relator's motion to dismiss respondent's appeal. In disposing of that motion, we saw no need for a bond here. Relator is proceeding in *forma pauperis*. No judgment involving money or property is in question here.

The Court wishes to express appreciation of the diligence and skill exhibited by Mr. Robert Jay Nye of the Illinois Bar, who represented the appellee in this Court as Court-appointed counsel.

The District Court's decision is reversed and the cause is remanded for dismissal of the petition for writ of habeas corpus without prejudice to a subsequent similar petition when and if relator has exhausted his state court remedies.

Reversed and remanded with directions.