Cornelius LEWIS, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellant.

No. 16985.

United States Court of Appeals
Sixth Circuit.

Feb. 3, 1966.

Ed. R. Davies, Sp. Counsel, State of Tennessee, Nashville, Tenn., for appellant.

Fritz Bateman, Nashville, Tenn., for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

Petitioner-appellee has filed a motion to be enlarged upon recognizance, with surety, under Rule 30(3) of the rules of this court, pending disposition of the appeal which has been perfected by respondent-appellant in this habeas corpus case.

It appears that petitioner-appellee is confined in the Tennessee State Penitentiary at Nashville, Tennessee, by virtue of a conviction by Part I of the Criminal Court for the Tenth Judicial Circuit at Nashville, Tennessee, on November 8, 1963, for the offense of assault with intent to commit murder in the first degree, with a sentence of not less than three nor more than twenty-one years. Under date of November 1, 1965, the United States District Court for the Middle District of Tennessee sustained petitioner-appellee's petition for writ of habeas corpus and ordered that he be discharged within ten days from the entry of the order. On November 9, 1965, respondent-appellant filed notice of appeal with motion to stay enforcement of the judgment of the district court pending disposition of the appeal. The latter motion was granted by the district court.

On November 17, 1965, petitioner-appellee filed in the district court a motion for an order allowing his release upon recognizance pending the appeal. This motion was denied by the district

court for lack of jurisdiction, pursuant to Rule 49(5) of the Supreme Court of the United States.

Rule 30(3) of the rules of this court provides as follows:

"(3) If Prisoner Discharged. Pending an appeal from a decision discharging a prisoner on habeas corpus, he shall be enlarged upon recognizance, with surety, for his appearance to answer and abide by the judgment of the appellate court, except where, for special reasons, sureties ought not to be required."

This rule is substantially similar to Rule 38(3) of the Court of Appeals for the First Circuit, which was before that court for construction in O'Brien v. Lindsey, 202 F.2d 418 (C.A. 1). The court reviewed the history of this rule in the following language:

"The first three numbered paragraphs of the above rule, in substantially their present form, were originally promulgated by the Supreme Court in 1886 as its Rule 34, 117 U.S. 708. The rule made no special reference to habeas corpus proceedings in a federal district court where the detention complained of arose out of process issued by a state court; and we suspect that in 1886, when the rule was first put out, the Supreme Court did not advert to the delicate problem of federal-state relationships. Certainly at that time the possibilities of federal habeas corpus to procure release from state detention were not fully appreciated. See Jackson, J., concurring, in Brown v. Allen, 1953, 344 U.S. 443, 532, 73 S.Ct. 397, 437 [97 L.Ed. 469]. In view of the importance which the problem has assumed in more recent years, perhaps Rule 45 ought to be revised to deal specifically with the situation where a petition for a writ of habeas corpus is filed in the federal district court complaining of a detention pursuant to judgment of a state court. Weighing the relevant considerations of policy, *it is by no means clear that as a matter of right and routine a state prisoner should be set at large pending review in a court of appeals of a federal district court order discharging the prisoner on habeas corpus.*" (Emphasis supplied.) 202 F.2d at 420.

See also United States ex rel. Calhoun v. Pate, 341 F.2d 885 (C.A. 7).

The brief of respondent-appellant states as follows:

"It is the belief of the Respondent-Appellant that this Court, pursuant to its Rule 30(3), may, in its discretion, enlarge the Petitioner-Appellee upon recognizance with surety for his appearance to answer and abide by the judgment of this Court.

"The Respondent-Appellant would, however, call to the attention of the Court the fact that the Petitioner-Appellee was indicted for two separate offenses of assault with intent to commit murder in the first degree upon two police officers. One of these cases was placed upon the retired docket by agreement of counsel and the remaining case resulted in the judgment of conviction under consideration in the instant litigation. Counsel for the Respondent-Appellant has been advised that, in the event this Court affirms the judgment of the District Court, the Petitioner-Appellee will be tried on both indictments in the Criminal Courts for Davidson County, Tennessee."

We conclude that this court is not required as a matter of right to order the release of petitioner-appellee upon recognizance pending review, and that this court has the discretion to deny the motion under appropriate circumstances. We further conclude that the motion should be denied under the facts and circumstances of this case.

It is so ordered.