**UNITED STATES of America ex rel. Warren H. SLOUGH, #45678, Appellant,**

v.

**Howard YEAGER, Warden, New Jersey State Prison.**

**No. 18508.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Sept. 21, 1971.

Decided Oct. 21, 1971.

Purvis Brearley, Trenton, N. J., for appellant.

Jerome Jay Cohen, Asst. Prosecutor (A. Donald Bigley, Camden County Prosecutor, Camden, N. J., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a December 8, 1969, district court order denying an application of a state prisoner for release on bail pending disposition of a petition for a writ of habeas corpus. The above-mentioned petition (a) challenged a state court sentence of 10 to 20 years,[1] which had been affirmed on May 22, 1969, in a seven-page opinion of the Appellate Division, Superior Court of New Jersey, and (b) had been filed after the Supreme Court of New Jersey had denied a petition for certification on September 15, 1969.

After hearing and announcing some of the reasons for its decision in open court, the district court, recognizing that it had the authority to release rela-

---

1. A copy of the May 22, 1969, opinion of the Superior Court was attached to the initial petition and to the Answer to the amended petition. Such opinion recited that relator was found guilty by a jury of conspiracy to commit abortion, N.J.S. 2A:98–1, and of abortion, N.J.S. 2A:87–1, and concludes with this language (page 7):

"Slough was convicted as a fourth offender and urges that 'The Court at the habitual criminal hearing erred in admitting defendant's prior criminal record.' We are not referred to the place in the 218 page transcript to which he refers, or to the specific nature of the error of which he complains. We have nonetheless reviewed the transcript and are convinced that the point is wholly without merit. Slough's prior convictions were properly established—and, indeed, were admitted by him.

"The judgments of conviction are accordingly affirmed."

tor on bail[2] (N. T. 46) pending disposition of the petition, entered the above-mentioned December 8, 1969, order on the ground that relator had not shown good cause for such release.

After careful consideration of the record, we reject relator's sole contention in this court which is that the district court abused its discretion in denying bail pending disposition of the petition for a writ of habeas corpus. Cf. Lewis v. Henderson, 356 F.2d 105, 106 (6th Cir.1966); Johnston v. Marsh, supra note 2.

Assuming, without deciding, that the December 8, 1969, district court order is an appealable order it will be affirmed.[3]

---

2. See Rule 23(b) and (d) of the Federal Rules of Appellate Procedure; Johnston v. Marsh, 227 F.2d 528 (3d Cir. 1955); United States v. Nenna, 281 F. Supp. 388 (S.D.N.Y.1968); cf. Carlisle v. Landon, 206 F.2d 191 (9th Cir. 1953), and authorities there cited.

3. Whether on the ground that on this record no abuse of discretion has been shown or on the ground that in any event the order appealed from is not an appealable order, the record before us discloses no ground for relief in this court. We leave for decision on a case by case basis the question whether the denial of bail pending the disposition in the district court of a petition for habeas corpus is reviewable here either by direct appeal or by mandamus, until such time as the court may make a further ruling on this subject.