**UNITED STATES of America**

v.

**Allen W. STEWART**

**No. Cr.A. 96–583.**
**No. Civ.A. 00–6299.**

United States District Court,
E.D. Pennsylvania.

Jan. 3, 2001.

Linda Dale Hoffa, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Joseph M. Fioravanti, Media, PA, Allen W. Stewart, Fort Dix, NJ, Thomas D. Schneider, Philadelphia, PA, for Defendant.

## *MEMORANDUM*

BARTLE, District Judge.

Presently before the court is the motion of Allen W. Stewart ("Stewart") for bail or enlargement pending disposition of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

Stewart was convicted by a jury in December, 1997 of 135 counts of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, as well as federal mail fraud, wire fraud, and money laundering statutes. His bail was revoked on December 18, 1997 after the jury's guilty verdict. On August 13, 1998 Stewart was sentenced to 15 years imprisonment, and an order of restitution in the amount of $60.1 million was entered against him. His conviction and sentence were subsequently affirmed by the Court of Appeals, *see United States v. Stewart,* 185 F.3d 112 (3d Cir.1999), and the Supreme Court thereafter denied certiorari. *See Stewart v. United States,* 528 U.S. 1063, 120 S.Ct. 618, 145 L.Ed.2d 512 (1999).

■ On December 12, 2000 Stewart filed his timely collateral attack on his conviction. Three days later he filed the motion for bail presently before us. As a threshold matter, we note that we have the authority to grant bail pending the disposition of a habeas petition. *See Lucas v. Hadden,* 790 F.2d 365, 366–67 (3d Cir. 1986); *Johnston v. Marsh,* 227 F.2d 528 (3d Cir.1955). However, this power is very narrow. *See Lucas,* 790 F.2d at 367.

The Court of Appeals' most recent discussion of the issue before us was in *Landano v. Rafferty,* 970 F.2d 1230 (3d Cir. 1992). The court announced that "bail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Id.* at 1239 (quoting *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir.1974)). The court observed that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Id.* Of the two cases cited by the court where the circumstances were extraordinary, one involved a petitioner who was an advanced diabetic and in poor health. *See Marsh,* 227 F.2d at 529. The second concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando,* 402 F.2d 966 (5th Cir.1968).

Stewart argues that he should be granted bail prior to the disposition of his § 2255 motion because he has made a "strong showing that he is likely to succeed on the merits." *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). He relies on the Supreme Court's decision in *Hilton.* It held that likelihood of success on the merits was one of a number of factors to be considered when a federal appeals court determines whether to stay a district court order granting enlargement to a habeas petitioner pending appeal.[1] *See id.* Unlike *Landano* and the matter now before us, *Hilton* concerned a situation where the habeas petition had already been adjudicated on the merits.

In this circuit, in order to grant Stewart bail, we must find not only that he has "a high probability of success" on the merits but also that "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano,* 970 F.2d at 1239 (quoting *Calley,* 496 F.2d at 702). Without making any final conclusions on the matter, we cannot say at this time that Stewart has a high probability of success. Many of the legal arguments he makes are both novel and complex, based on very recent Supreme Court decisions. While his lengthy petition and supporting brief are before us, the government has not yet had a fair opportunity to respond. We simply do not know what the outcome of Stewart's motion will be. Moreover, even if it turns out he has a high probability of success on the merits, he must also demonstrate that extraordinary circumstances exist that warrant bail. Thus far, as discussed above, extraordinary circumstances have been found only in cases of ill health or the near-term completion of a sentence. Stewart qualifies for neither of these.

Finally, we note two additional factors which weigh against granting his motion for release pending a decision on the merits of his § 2255 motion. First, there is a presumption of correctness and finality that attaches to convictions such as Stewart's which have been affirmed on direct appeal. *See Cherek v. United States,* 767 F.2d 335, 337 (7th Cir.1985). Second, there is the risk of flight. At various times throughout this protracted action concerns were raised that Stewart would flee. *See, e.g., United States v. Stewart,* Crim. A. No. 96–583, 1997 WL 325784 (E.D.Pa. June 6, 1997); *United States v. Stewart,* 185 F.3d 112 (E.D.Pa.1997). This was not simply a figment of the government's imagination. Prior to the issuance of the indictment against him, but after he became aware of its likelihood, Stewart made inquiries regarding a second passport, off shore accounts, and citizenship in other countries. *See State v. Stewart,* 148 Or.App. 450, 939 P.2d 174, 1997 WL 325890, at *2–*3 (1997). After the jury verdict, we revoked his bail because he did not establish by clear and convincing evidence that he was not likely to flee. *See* 18 U.S.C. § 3143(a). Stewart appealed the revocation of his bail. By an order dated January 14, 1998, the Court of Appeals denied his motion for bail pending sentencing. There is nothing now of record that changes the situation. *See Hilton,* 481 U.S. at 777, 107 S.Ct. 2113.

For all of the above reasons we will deny Stewart's motion for bail or enlargement pending disposition of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

---

1. Other factors to be considered are irreparable injury to the applicant if a stay is not granted, whether other parties to the proceeding would be substantially injured if a stay is issued, the risk of flight, and the public interest. *See Hilton,* 481 U.S. at 776–77, 107 S.Ct. 2113.