**ALD-104**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4423
_____

IN RE: SEAN A. SOUELS,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:15-cv-07563)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 19, 2017
Before: MCKEE, JORDAN, and RESTREPO, Circuit Judges

(Opinion filed: May 4, 2017)
_____

OPINION*
_____

PER CURIAM

        Sean A. Souels petitions for a writ of mandamus directing the United States

District Court for the District of New Jersey to rule on Souels' pending motion to vacate,

set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255. Souels has also

filed a motion for bail. We will deny the petition and we deny the bail motion.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Souels pleaded guilty to one count of wire fraud conspiracy and was sentenced to 46 months of incarceration. Souels did not file a direct appeal. Souels then filed a § 2255 motion on October 19, 2015, and an amended § 2255 motion on November 2, 2015. In December 2015, Souels moved for "prompt disposition" of the § 2255 motion, citing his and his wife's medical conditions. Souels followed up on that motion in letters he sent in March 2016 and April 2016. In May 2016, the District Court ordered the government to respond to the § 2255 motion and dismissed the motion for "prompt disposition" as moot. The government responded in July 2016, and Souels filed a reply in August 2016. On October 26, 2016, Souels filed a motion to "determine judgment" on his § 2255 motion.

On December 29, 2016, Souels filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, seeking an order directing the District Court to act on the § 2255 motion. He argues that this Court should grant mandamus relief because he believes that his § 2255 motion will become moot if he is released from prison before the District Court rules on it. The Federal Bureau of Prisons inmate locator lists Souels' release date as July 21, 2018, although Souels' petition asserts that he expects to be released in about 14 months.

Mandamus is an appropriate remedy in only the most extraordinary situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2) a "clear and indisputable" right to issuance of the writ. Haines v. Liggett Grp., Inc., 975

2

F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976)). A Court of Appeals may issue a writ of mandamus "on the ground that undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c).

Here, Souels' § 2255 motion has been ripe for determination since July 2016— more than six months' time. That said, the District Court has broad discretion to manage its docket. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court."). The delay presented here has not yet amounted to a failure to exercise jurisdiction, although if it continues that could present a matter of some concern. See Madden, 102 F.3d at 79. We are confident that the District Court will rule on Souels' § 2255 motion without undue delay.

Moreover, contrary to Souels' contention, his § 2255 motion will not necessarily become moot upon his release from prison, given that he has also been sentenced to a term of supervised release and may face additional collateral consequences. See Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. 2009); United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008).

For these reasons, we will deny the petition for a writ of mandamus.[1]

---

[1] The denial is without prejudice to a renewed petition for mandamus if the District Court has not ruled on the § 2255 motion within a reasonable time.

3

Souels' motion for bail should be denied for similar reasons. We will grant a motion for bail pending the disposition of federal habeas claims only when the petitioner has raised "substantial constitutional claims upon which he has a high probability of success, and . . . when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (citation omitted). We have previously observed that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." Id.; see also Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986) ("a preliminary grant of bail is an exceptional form of relief in a habeas corpus proceeding").

Here, Souels fails to satisfy that standard. First, as noted above, Souels' release date is not imminent. Consequently, this is not a case where the timing of the release date would render the habeas remedy ineffective if the petitioner were not granted bail. See Landano, 970 F.3d at 1239. Second, although Souels asserts that extraordinary circumstances lie as a result of his health issues, he does not describe his medical conditions in any detail or explain how he cannot manage his health issues while he is imprisoned. Therefore, he has not shown how health concerns justify granting his bail motion, either. Cf. id. (noting extraordinary circumstances warranting bail were found where prisoner was released to a hospital for immediate treatment). We therefore deny the bail motion.

4