88 N.J. Super. 88 (1965)
210 A.2d 793
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY J. ROSE, DEFENDANT-PETITIONER.
Superior Court of New Jersey, Law Division.
Decided May 24, 1965.
Mr. Harry J. Rose, petitioner, pro se.
Mr. Barry H. Evenchick, Assistant Prosecutor, for respondent (Mr. Brendan Byrne, Essex County Prosecutor).
FUSCO, J.S.C.
This is an application for bail by defendant Harry J. Rose pending a determination of an application for post-conviction relief.
Defendant was indicted on October 28, 1957 under indictment No. 280-57 for the crimes of entering, larceny and receiving, *89 to which indictment he pleaded not guilty on November 4, 1957. On January 4, 1958 he retracted the plea of not guilty to the indictment, which contained three counts, and entered a plea of guilty to counts 1 and 2 charging entering and larceny.
On October 10, 1958 the plea of guilty heretofore entered was withdrawn and the plea of not guilty entered, and then on October 15, 1958 defendant retracted the pleas of not guilty and entered pleas of non vult to counts 1 and 2. Defendant was sentenced on October 31, 1958 on count 1 to a term of 6-7 years in State Prison and to a term of 6-7 years on count 2 to State Prison, to run concurrently with the sentence on count 1. Count 3 was dismissed.
On indictment No. 282-57 charging entering with intent to steal, also returned on October 28, 1957, defendant pleaded not guilty on November 4, 1957. A trial date was set for October 15, 1958, and before a jury was drawn he retracted and entered a plea of guilty. On October 31, 1958 defendant was sentenced to a term of 6-7 years in State Prison, to run consecutively to the 6-7 year term on indictment No. 280-57, counts 1 and 2.
Subsequently, there was correspondence between defendant and several judges in Essex County and the county clerk's office regarding his application for a transcript of the proceedings.
In April 1965 defendant filed an application for post-conviction relief and also the present application for bail. The grounds upon which he relies in seeking bail are that he must be released on bail so that he might utilize "various public and private facilities to research his case," and in order that he might retain private counsel to prosecute his application for post-conviction relief.
The State of New Jersey filed an answer on May 13, 1965 opposing the application for bail on the ground that bail may not be allowed on an application for post-conviction relief. Defendant, on the other hand, argues that bail is permitted where one applies for habeas corpus relief, and since the post-conviction *90 relief application is substantially the same, bail should be permitted here.
The applicable rules pertaining to this question are R.R. 3:9-2 and R.R. 1:4-4. R.R. 3:9-2 provides that "[b]ail may be allowed pending appeal in accordance with Rule 1:4-4." R.R. 1:4-4 provides only that bail is permitted pending the prosecution of an appeal before an appellate court.
Under the facts of this case defendant was convicted and sentenced in October 1958. No appeals have been taken from those proceedings.
R.R. 3:10A-3 provides that a post-conviction proceeding may not be used as a substitute for an appeal from the proceedings in the trial court. The case of State v. Smith, 43 N.J. 67 (1964), a recent pronouncement of our Supreme Court, has so held. There the court stated (at page 74), "* * * a post-conviction proceeding may not be used as a substitute for an appeal from the judgment of conviction."
With respect to defendant's contention that since bail may be permitted upon an application for habeas corpus, and since the post-conviction relief remedy is substantially the same as habeas corpus, bail should be permitted pending a determination on his petition for post-conviction relief, the court is aware that under R.R. 3:10A-2 the grounds for post-conviction relief include habeas corpus grounds. However, the relief afforded under the post-conviction relief procedure is not the same as that afforded under habeas corpus. Therefore, defendant's contention must fail.
For the reasons set forth herein, defendant's application for bail pending a determination of his application for post-conviction relief under R.R. 3:10A is denied.