STATE OF HAWAII, Plaintiff-Appellee, *v.* CLARENCE ISAO HANDA, also known as Japan, Defendant-Appellant

NO. 8914

JANUARY 18, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT AND HAYASHI, JJ., AND CIRCUIT JUDGE MOON ASSIGNED BY REASON OF VACANCY

*Per Curiam.* We are presented with a Motion to Set Bail brought by Defendant-Appellant Clarence Handa seeking to overturn the order of the circuit court denying his Motion for Stay of Execution Pending Appeal. The motion requires us to address the constitutionality of that portion of HRS § 804-4

(Supp. 1982) which denies bail to convicted felons sentenced to imprisonment.[1]

On September 27, 1982 Appellant Handa was found guilty of two felony counts of Attempted Theft in the First Degree and one misdemeanor count of Attempted Theft in the Second Degree. He was sentenced to five years probation on the felony counts, and as a condition of probation was committed to the Oahu Community Correctional Center for a one-year period of incarceration. Thereafter, Handa made a Motion for Stay of Execution Pending Appeal which was denied by the circuit court on the ground that Section 804-4 prohibits release on bail after imposition of imprisonment for a felony conviction.

Section 804-4 specifies (1) when bail is a matter of right, (2) when it is dependent upon the discretion of the trial court, and (3) when it is absolutely prohibited. Considerations underlying the bail scheme include the nature and type of offense involved, whether the defendant has been convicted and whether the defendant has been sentenced. In 1980 the statute was amended to read that "no bail shall be allowed pending appeal of a felony conviction where a sentence of imprisonment has been imposed." 1980 Haw. Sess. Laws, Act 242, § 3. Appellant Handa, having been convicted of a felony offense and having

---

[1] HRS § 804-4 provides:

If the charge is for an offense for which bail is allowable under section 804-3, the defendant may be admitted to bail before conviction as a matter of right. The right to bail shall continue after conviction of a misdemeanor, petty misdemeanor or violation, and release on *bail may continue, in the discretion of the court after conviction of a felony* until the final determination of any motion for a new trial, appeal, habeas corpus, or other proceedings which are made, taken, issued, or allowed for the purpose of securing a review of the rulings, verdict, judgment, sentence, or other proceedings of any court or jury in or by which the defendant has been arraigned, tried, convicted, or sentenced; *except* that no bail shall be allowed after conviction and prior to sentencing in cases where bail was not available under section 804-3, or where bail was denied or revoked before conviction; and provided further that *no bail shall be allowed pending appeal of a felony conviction where a sentence of imprisonment has been imposed.* No defendant entitled to bail, whether bailed or not, shall, without his written consent, be subject to the operation of any sentence passed upon him while any proceedings to procure a review of any action of the trial court or jury in the premises are pending and undetermined, except as provided in section 641-14(a). (Emphasis added.)

been sentenced to one-year imprisonment as a condition of probation, falls within the absolute prohibition of bail contained in the 1980 amendment.

Handa's principal contention is that the 1980 amendment to Section 804-4 contravenes the provision of the Hawaii Constitution Bail Clause recognizing judicial discretion to "dispense with bail," *i.e.,* to release a defendant on his own recognizance, except when the defendant is charged with an offense punishable by life imprisonment. Additionally, Handa claims the 1980 amendment "is unconstitutional in its denial of equal protection and due process rights to the defendant." We address first the alleged conflict between the 1980 amendment and the "dispense with bail" provision of the Bail Clause.

## I.

"[T]he constitution as the highest and most recent expression of the law-making power, operates to repeal or supersede not only all statutes that are expressly enumerated as repealed, but also all that are inconsistent with the full operation of its provisions." 16 C.J.S. *Constitutional Law* § 43, at 135 (footnotes omitted). The Bail Clause of the Hawaii Constitution provides:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. *The court may dispense with bail if reasonably satisfied that the defendant or witness will appear when directed,* except for a defendant charged with an offense punishable by life imprisonment.

Hawaii Const. art. I, § 12 (emphasis added). In *Huihui* v. *Shimoda,* 64 Haw. 527, 543-44, 644 P.2d 968, 979 (1982), this court noted that the emphasized provision is unique to Hawaii and "clearly contemplates the existence of discretion in the trial judge to release the defendant with or without the requirement of bail . . . ." Whether the absolute denial of bail contained in the 1980 amendment to Section 804-4 constitutes an impermissible encroachment upon the discretionary powers of the court is contingent on ascertaining what stage of the judicial process the Constitutional Convention intended the discretionary powers to apply. The answer to this question requires

us to review the annals of the 1968 Constitutional Convention.

During the Convention proceedings the term "bail" was defined as

> money or credit deposited with the court to permit *an arrested person* to be temporarily released from jail on the assurance that *he will come back for trial at the proper time.*

Proceedings of the Constitutional Convention of Hawaii 13 (vol. II 1968) (emphasis added). Additionally, in describing the discretionary powers of the court it was stated:

> The courts in Hawaii are already exercising this discretionary power with respect to bail. . . . [A]n accused may be released without posting bail if the court . . . is reasonably convinced that an accused rich or poor being *considered for release prior to trial* is a suitable risk.

*Id.* (emphasis added). Further, the constitutional delegates consistently referred to the criminal defendant as "an arrested person," "an accused," and "the person . . . charged."

The above quoted language and other statements contained in the constitutional record convince us the Convention neither contemplated nor intended the discretionary powers of the court to operate at the post-conviction stage. Thus we interpret the judicial discretion provided for in the Bail Clause as applying only during the pre-conviction stage.

II.

The Hawaii Constitution, like its federal counterpart, does not expressly provide a right to bail. The first sentence of article I, section 12, on its face, merely prohibits "[e]xcessive bail." Other courts have stated that this merely means "that if an offense . . . [is] bailable, the individual's right to freedom . . . [can]not be defeated by requiring bail in excessive amounts." *Parker* v. *Roth,* 202 Neb. 850, 857, 278 N.W.2d 106, 111 (1979). This court, however, in striking down a Hawaii statutory provision which absolutely forbade the granting of *pretrial* bail in certain specified circumstances, recently stated:

> "[W]e perceive no constitutional distinction between requiring excessive bail and denying bail altogether in the

absence of legitimate reasons." . . . Consistent with the characterization of bail as reflecting a balancing of the accused's interest in pretrial freedom with society's interests, *inter alia,* in obtaining his presence at trial, . . . the Supreme Court has required that the fixing of bail be based on standards relevant to those interests in the particular circumstances of the case and the accused's suitability for pretrial release. . . . An amount which is set higher than necessary to fulfill these interests is unreasonable and "excessive" within the meaning of the eighth amendment. . . . It . . . defies logic to interpret that constitutional provision as prohibiting bail set so unreasonably high as to be unobtainable and not reflective of legitimate state concerns on one hand, while on the other as permitting the outright denial of bail absent reasonable grounds, since both actions, under like circumstances, amount to the same thing. Accordingly, *we hold that article I, section 12 of the Hawaii Constitution, prohibiting excessive bail, also protects persons accused of crimes from the unreasonable or arbitrary denial of bail.*

*Huihui* v. *Shimoda, supra,* 64 Haw. at 538-39, 644 P.2d at 976 (citations omitted) (emphasis added). The question then may be asked in the instant case whether it was "unreasonable or arbitrary" for the Legislature to provide in the 1980 amendment to Section 804-4 that bail must be denied after a defendant has been convicted of a felony and sentenced to a term of imprisonment. On the instant motion Appellant raises essentially this same question, framing it in terms of whether the 1980 amendment violates constitutional guarantees of equal protection and due process of law.

In addressing Appellant's equal protection challenge, our initial task is to determine the applicable constitutional standard of review. Prior to conviction the criminal defendant is cloaked with a presumption of innocence. After conviction and sentencing, however, the presumption disappears and the defendant's right to freedom is significantly qualified. *See Gold* v. *Shapiro,* 62 A.D.2d 62, 64 n.2, 403 N.Y.S.2d 906, 907 n.2 (1978), *aff'd,* 410 N.Y.S.2d 68 (1978). In this latter situation there is an insufficient liberty interest at stake to justify invocation of either an intermediate or strict level of judicial scrutiny

which might otherwise be applicable. Thus, the appropriate level of review is the rational relation test — the statutory classification must have a legitimate purpose, and it must have been reasonable for the lawmakers to believe the challenged classification would promote that purpose. *See Western & Southern Life Insurance Co.* v. *State Board of Equalization,* 451 U.S. 648, 668 (1981).

In 1980 the Legislature of the State of Hawaii, finding "extensive abuse of the privilege of bail pending appeal and blunting of the deterrent effect of punishment due to delays caused by appeals," enacted Act 242, a bill which amended several bail statutes including Section 804-4. Haw. Sess. Laws, Act 242, § 3. The express purpose for amending Section 804-4, was to address "abuse[s] of the bail system" and "the danger [to the community] posed by repeat offenders," and effectuate "swift, effective punishment upon conviction (which is also an excellent deterrent for others). . . ." *See* Conference Committee Report No. 85-80, *reprinted in* Senate Journal, at 1004-06 (1980). Clearly the State has a legitimate interest in implementing bail reform in order to remedy apparent defects in the criminal justice system. More specifically, the Legislature's expressed purposes of (1) protecting the community from the dangers posed by convicted felons and (2) enhancing the deterrent effect of punishment are legitimate legislative purposes.

We further find that the Legislature rationally could have believed that the above purposes are promoted by denying bail to the class of convicted felons sentenced to imprisonment. Of course denial of bail pending appeal removes a felon from society and prevents the felon from posing a danger to the community. *Carbo* v. *United States,* 82 S. Ct. 662, 666 (Douglas, Circuit Justice, 1962, *aff'd* 369 U.S. 368 (1962)). At the same time denial of bail pending appeal necessarily effectuates the swift imposition of sentence, which the Legislature rationally could have believed would enhance the deterrent effect of punishment. *See Gold* v. *Shapiro, supra,* 62 A.D.2d at 67, 403 N.Y.S.2d at 909 ("[T]he Legislature could properly determine that the welfare of society demands that the mandatory minimum sentence, no matter how short, commence immediately upon conviction, without affording the convicted . . . felon the

privilege of suspending the sentence during the often protracted period of appellate review.").[2]

III.

When a state has provided a right to bail it may not arbitrarily or discriminatorily deny or deprive an accused of the right. *See Mastrian* v. *Hedman,* 326 F.2d 708, 711 (1964); *Huihui* v. *Shimoda, supra,* 64 Haw. at 543-44, 644 P.2d at 978-79. To do so would violate due process. Thus, a state may not require a defendant to post excessive security in order to exercise the right, Hawaii Const. art. I, § 12, nor may it truncate the discretion of the court when the right is conditioned upon judicial providence. *See Huihui* v. *Shimoda, supra,* 64 Haw. at 543-44, 644 P.2d at 978-79.

The State, however, must first have granted a right to bail before a criminal defendant may claim the right has been denied in violation of due process. Handa occupies the position of a convicted felon who has been sentenced to imprisonment. Under Section 804-4, he falls within a classification to which the Legislature has seen fit to deny bail. Since Handa has no right to bail, he is precluded from arguing an arbitrary deprivation of the right.

Appellant Handa has failed to demonstrate that the challenged classification either infringes upon the judicial discretion provided under article I, section 12, or that the

---

[2] Appellant further argues that the statute violates the equal protection rights of the class of felons who have been sentenced to relatively short periods of imprisonment and who will have served their sentences before appellate review can be completed (thereby allegedly denying them effective appellate review), because such class is allegedly treated differently than the class of incarcerated felons who will still have time remaining on their sentences when their appeals are decided. However a closer examination of the two classes shows that both classes will have suffered equally if an appeal results in an overturning of conviction, because both classes will have wrongfully served a given number of days of imprisonment pending appeal.

Appellant also states that the completion of a sentence of imprisonment prior to disposition of the appeal will moot the appeal. This is untrue. A convicted felon has a real interest in seeking to overturn his conviction, regardless of whether the sentence has been served.

classification offends constitutional considerations of equal protection and due process. Accordingly, we conclude that the challenged portion of Section 804-4 is constitutional, and we therefore deny the Motion to Set Bail.

*Ronald G. S. Au, Connie G. W. Meredith* and *Wayne H. Mukaida* for Defendant-Appellant on the motion.

*Shirley Smith* and *Arthur E. Ross,* Deputy Prosecuting Attorneys for Plaintiff-Appellee.