193 N.J. Super. 334 (1984)
474 A.2d 20
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDRES SANTIAGO GARCIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 1984.
Decided April 3, 1984.
*336 Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.
Peter R. Willis, attorney for appellant.
Harold J. Ruvoldt, Jr., Prosecutor of Hudson County, attorney for respondent (James E. Flynn, First Assistant Prosecutor, on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
On January 25, 1982, defendant was sentenced to a five to seven year term for a weapons possession offense. His sentence was suspended and he was placed on a five year probationary term. While on probation, defendant was charged in an indictment, later amended, with conspiracy, possession of controlled dangerous substances with intent to distribute, unlawful possession of a machine gun and firearm silencer and receiving stolen property.
He was held in lieu of $100,000 bail on the subsequent charges and committed without bail pending determination of the new charges pursuant to N.J.S.A. 2C:45-3(a)(3). His application for bail for violation of probation was denied. We granted defendant's motion for leave to appeal nunc pro tunc and for leave to appeal.
In denying defendant's application for bail pursuant to N.J.S.A. 2C:45-3(a)(3), the Law Division judge noted that his decision *337 was discretionary and that the statute does not mandate that a defendant charged with a violation of probation be held without bail. The judge found that defendant was "entitled to bail" on the new charges and that he had set bail "appropriate to insure that the defendant would appear at appropriate times and places." He also found that N.J.S.A. 2C:45-3(a)(3) relates not "to the likelihood of the defendant showing up when he's supposed to," but to "the defendant having been found guilty of a crime and having been placed on probation" and "apparently [having] violated that probation." Thus he exercised his discretion under the statute and determined that "as part of the probation end of this thing there would be no bail" and that defendant would not be permitted "to walk the streets on probation" while these new charges were pending.
The statute under consideration, N.J.S.A. 2C:45-3(a)(3), provides:
a. At any time before the discharge of the defendant or the termination of the period of suspension or probation:
....
(3) The court, if there is probable cause to believe that the defendant has committed another offense or if he has been held to answer therefor, may commit him without bail, pending a determination of the charge by the court having jurisdiction thereof.
Defendant fits within the language of this statute because he had not been discharged from probation nor had his period of probation been terminated when he was "held to answer" for "another offense." He urges, however, that the statute is in conflict with, and must defer to, N.J. Const. (1947), Art. I, § 11, which provides:
No person shall, after acquittal, be tried for the same offense. All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great.
The constitutional provision upon which defendant relies does not, by its terms, apply to him. Defendant stands convicted of unlawful possession of a weapon, for which he received a *338 probationary term. The constitutional provision speaks only of all persons being bailable before conviction. While a defendant, before trial, has a constitutional right to bail, any right to bail after conviction must be statutory. See State v. Cavanaugh, 174 N.J. Super. 90 (Resentencing Panel 1979).
This analysis, which focuses on the original offense rather than upon the new charges or upon the violation of probation as a separate offense, is appropriate. State v. Ryan, 86 N.J. 1, 8 (1981). In Ryan, the Court found that the sentence imposed after a revocation of probation should be viewed as centering on the original offense. Similarly, while defendant was entitled to bail on the new charges, he is not constitutionally entitled to bail on the original offense of which he stands convicted.
In State v. Serio, 168 N.J. Super. 394, 396 (Law Div. 1979), the court considered whether one can have his probation revoked merely because he has been arrested or indicted for another offense during the probationary period. The court held that proof beyond a reasonable doubt was not necessary to find a violation of probation, but that a judge need only have reason to believe that the charges were true in order to justify revocation of probation. 168 N.J. Super. at 399 n. 1. Similarly, in State v. Generoso, 156 N.J. Super. 540, 544-546 (App.Div. 1978), this court held that although revocation of probation may result in a defendant's loss of liberty, revocation proceedings are neither a stage of criminal prosecution nor tantamount to criminal prosecution. If conditions of probation are violated, a defendant may be liable for imprisonment, and due process requirements will not be as strict as those which attach to a criminal prosecution since revocation proceedings are not part of the criminal process but part of the corrections process. 156 N.J. Super. at 545-546; State v. Johnson, 186 N.J. Super. 423, 431 (App.Div. 1982).
*339 The Supreme Court of Alaska has reached a similar conclusion, holding that a probation revocation hearing is not a criminal prosecution which looks toward an adjudication of guilt or innocence and therefore the Alaska state constitution did not extend the right to bail to revocation proceedings. Martin v. State, 517 P.2d 1389, 1398 (Alaska 1974).
In Hawaii the state constitution grants a discretionary right to bail, a legislative enactment mandating no bail for one already out on bail on a felony charge was held to be in derogation of the constitutional right. Huihui v. Shimoda, 64 Haw. 527, 644 P.2d 968, 978-979 (1982).[1]
In California the Supreme Court held that its state constitutional bail provision applied only to fixing bail before trial. Thus, a parolee on "parole hold" based on new criminal charges had no constitutional right to bail. In re Law, 10 Cal.3d 21, 513 P.2d 621, 109 Cal. Rptr. 573 (1973).
Our constitutional provision for bail explicitly applies only to bail "before conviction." And N.J.S.A. 2C:45-3(a)(3), as pointed out by the Law Division judge, is not mandatory, but permits a court, in its discretion, to withhold bail.
Thus we are satisfied that the argument that N.J.S.A. 2C:45-3(a)(3) is invalid as being in conflict with N.J. Const. (1947), Art. I, § 11, which is the only issue before us,[2] must fail.
Affirmed.
NOTES
[1] In State v. Handa, 657 P.2d 464, 466 (Haw. 1983), the court later held that a court's discretionary powers under the state constitution were not intended to operate at a post-conviction stage and upheld a statute which denied bail to convicted felons pending appeal.
[2] Defendant has apparently neither requested nor been denied a probation violation hearing. See N.J.S.A. 2C:45-4. We therefore need not determine whether he is entitled to such a hearing while he is committed without bail pursuant to N.J.S.A. 2C:45-3(a)(3). See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).