Vincent James **LANDANO,** Petitioner,

v.

**John J. RAFFERTY, et al.,**
**Respondents.**

Civ. A. No. 85–4777.

United States District Court,
D. New Jersey.

Dec. 22, 1987.

As Amended Dec. 23, 1987.

Neil Mullin, Smith, Mullin & Kiernan, West Orange, N.J., for petitioner.

Leslie Schwartz, Deputy Atty. Gen., Trenton, N.J., for respondents.

## OPINION

SAROKIN, District Judge.

On September 29, 1987, this court denied petitioner Vincent James Landano's application for a writ of habeas corpus. *Landano v. Rafferty,* 670 F.Supp. 570 (D.N.J. 1987). While expressing its "fears that a great injustice has occurred," 670 F.Supp. at 572, and "candidly admit[ting] an exhaustive search for grounds to grant the writ," *id.,* the court perceived that its "obligation ... to defer to the factual findings of the state court [made] it impossible to grant the relief sought." *Id.*

Petitioner has now moved for reconsideration of the September 29 opinion and order. The court has thoroughly reexamined this matter and concludes that it must deny the petitioner's motion for reconsideration, reiterating the same misgivings expressed in the court's earlier opinion.

## BACKGROUND

There is no need for a recounting of the facts which led up to petitioner's conviction in May of 1977 on various charges arising out of the murder of a Newark police officer. Those facts, together with descriptions of the evidence presented at petitioner's trial and at the post-trial recantation hearing, and the arguments presented to this court on habeas review, are set out in full in the court's September 29 opinion. 670 F.Supp. at 572-80, 584-85, 586-87. The court therefore mentions only those facts and arguments which are germane to the motion for reconsideration.

On September 1, 1982, petitioner moved before the state court for an order permitting discovery in preparation for the recantation hearing of Raymond Portas. Specifically, petitioner moved for disclosure and inspection of, among other things,

(i) all files and documents that might contain reference to police or prosecutorial interviews of ... Raymond Portas undertaken during the investigation of the murder of Police Officer John Snow; (ii) all photographic displays shown Raymond Portas during the aforesaid investigation; (iii) all diaries, logs, or memoranda reflecting or recording Raymond Portas' visit to the Hudson County Prosecutor's office on or about April 15, 1977.

In a short letter, the state court denied petitioner's discovery request on September 27, 1982.

On April 13, 1987, this court entered an order granting petitioner discovery of "all files maintained in the matter of *State v. Vincent Landano* by the office of the Attorney General of the State of New Jersey and the office of the Hudson County Prosecutor," as well as all documents concerning the photographic identification procedures used by investigators with Raymond Portas on April 15, 1977. That discovery produced the following new evidence: (1) a "Property and Evidence Report" indicating that two photographs of Victor Forni and several photo arrays were removed from the prosecutor's vault on April 15, 1987, the same day that Portas was asked to choose the driver of the getaway car from

a photo array; (2) a manila folder in the Landano file that contained a photo display including Forni's picture but not Landano's; and (3) a statement by Michael D'Andrea, an investigator from the prosecutor's office who had not worked on the original investigation of the Landano case, that the manila folder had been shown to "a truck driver" during the Landano investigation.[1] The state also disclosed a new piece of evidence: it claimed that two photos, until then inexplicably missing from the S–2 photo display which was shown to Portas on April 15, 1977, had been discovered in the S–1 display. Neither of the two photos was of Forni or Landano.

In essence petitioner now contends that this evidence, all corroborative of the credibility of Portas' recantation, was unavailable to the petitioner in the state court recantation proceeding and was thus not considered by the state court in deciding petitioner's application for a new trial. As a result, petitioner contends that this court should disregard the state court's factual findings and rely instead on its own finding that Portas' recantation is credible.

DISCUSSION

A. *28 U.S.C. § 2254(d)*

When a district court exercises its discretion to hold a hearing on a state prisoner's habeas corpus application, 28 U.S.C. § 2254(d) dictates the burdens of proof at its hearing. Under that statute,

a determination after hearing on the merits of a factual issue, made by a State court ..., shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—... (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing; (3) that the material facts were not adequately developed at the State court hearing; ... (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding ...

28 U.S.C. §§ 2254(d)(2), (3), and (6). Petitioner argues that the state judge's denial of his motion for discovery concerning Portas, the prosecutor's suppression of the evidence later uncovered through this court's discovery order, and the prosecutor's "harrassment and intimidation" of Portas at the recantation hearing, 670 F.2d at 758, worked together to deprive petitioner of a "full and fair" hearing conducive to the "adequate development" of "material facts."

That position would be justified if the court could conclude that the evidence presented to it—and not presented to the state court—was material, crucial, or critical, such that if it had been presented to the state court judge, it was likely to have affected his decision or the fullness and fairness of the state court hearing. Before this court may reject the findings of the state court and substitute its own, it must be satisfied that the petitioner was prejudiced in some way by the failure to have such evidence available. This court can make no such finding here.

The existence of the "Property and Evidence Report," indicating that two photographs of Forni were taken from the prosecutor's vault on April 15, 1977, might support an inference that Portas saw those photographs on that day. However, this inference is probably negated by the fact that the two photos missing from the S–2 display have been located in S–1 and neither is of Forni. Moreover, there is no other evidence that Portas saw or identified any photograph of Forni. Therefore, the court cannot say that the report itself was "material" under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963),[2] or that the absence of the report prevented the hearing from being "full and fair" or "adequate" for the development of the credibility of Portas' recantation. The judge at the state hearing had ample opportunity to observe the witnesses, and to

---

1. Raymond Portas was, at the time of the crime and the investigation, a truck driver.

2. Under *Brady*, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *U.S. v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2398, 49 L.Ed.2d 342 (1976).

hear them fully examined and cross-examined. In light of all of the other evidence before the state judge, this court simply cannot conclude that this report would have made a sufficient difference to satisfy either *Brady* or § 2254(d).

Similarly, the court believes that the hearsay evidence of Investgator D'Andrea was not sufficiently material to allow this court to ignore the state court finding. D'Andrea, who was not involved in the Landano investigation, stated that a manila folder in the Landano file, which contained a photo array including a photograph of Forni, was shown to "a truck driver" during the investigation. This evidence is not material for two reasons. First, there is no evidence that Portas selected a photo from this array. More importantly, however, the evidence is very weak hearsay, and therefore not sufficiently reliable to support a different outcome than the one reached by the state court.[3]

Finally, the fact that the two photographs missing from photo array S–2 have apparently been found in photo array S–1 does nothing more than establish the *location* of the missing photographs. The fact that they were missing was before the state court. Their discovery is therefore not likely to have caused the state court to alter its finding as to Portas' credibility.

This court must therefore conclude that it is without authority under 28 U.S.C. § 2254(d) to strip the state court finding of its presumptive correctness. Although petitioner has pointed to some evidence that the state court did not have before it, petitioner has not persuaded the court that that evidence would or was likely to have affected the decision of the state court, or that the absence of that evidence prevented the state hearing from fully, fairly, and adequately developing the credibility of Portas' recantation.

B. *The Court's Power Independent of § 2254(d)*

██ Petitioner, relying on *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), argues that the court enjoys plenary power to make and give effect to fact findings without regard to 28 U.S.C. § 2254(d). Petitioner cites a number of authorities for the proposition that the intent of Congress in enacting 28 U.S.C. § 2254(d) was not to eviscerate *Townsend,* but to leave it intact and supplement it. *See, e.g., Thomas v. Zant,* 697 F.2d 977 (11th Cir.1983), *cert. denied,* — U.S. ——, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987); P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, *Hart & Wechsler's The Federal Courts and the Federal System* 1505 n. 7 (2d ed. 1973). From this premise, petitioner concludes that the court, having decided to hold an evidentiary hearing, had the power to give effect to its own findings of fact without first concluding that the state proceeding was defective in one of the ways enumerated in § 2254(d).

Petitioner's premise is accurate, but his conclusion is faulty. The *Townsend* Court was quite explicit in its purpose: "The purpose of the test is to indicate the situations in which the holding of an evidentiary hearing is mandatory." 372 U.S. at 318, 83 S.Ct. at 760. In other words, *Townsend* lists the situations in which a federal district court *must* hold an evidentiary hearing on a habeas application. *Townsend* left open the question of when a district court *may* hold an evidentiary hearing in situations other than those in which hearings are mandatory: "In all other cases where the material facts are in dispute, the holding of such a hearing is in the discretion of the district judge." *Townsend,* 372 U.S. at 318, 83 S.Ct. at 760. It is the role of 28 U.S.C. § 2254(d) to establish the burden of proof at hearings which are discretionary under *Townsend.*

Therefore, had this court's September 2, 1987 evidentiary hearing been mandatory under *Townsend,* petitioner could argue forcefully that the court would be freed of any obligation of deference to the state

---

**3.** There is also evidence that other truck drivers were interviewed. As such, D'Andrea's hearsay description does not necessarily refer to Portas.

court's findings.[4] This court, however, exercised its discretion in holding that hearing. Therefore, the court had no authority, other than that which is delegated in the eight subdivisions of 28 U.S.C. § 2254(d), to strip the state court findings of their presumption of correctness.

CONCLUSION

The court has carefully reviewed the arguments petitioner has pressed in his motion for reconsideration. Absent a finding that the new evidence presented to this court was material and the failure to present it to the state court was prejudicial, this court continues to conclude that it must heed the Congressional mandate, and in turn, defer to the state court findings.

The court does so with no less anguish on this second occasion.

---

4. *See Thomas v. Zant,* 697 F.2d 977, 985 (11th Cir.1983), ("if *Townsend* indicates sufficient unreliability in the state conclusions so that a new hearing is *required,* it is reasonable to re- fuse to give weight to the former conclusions in the new hearing" (emphasis added)), *cert. denied,* —— U.S. ——, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987).