**Vincent James LANDANO, Petitioner,**

**v.**

**John J. RAFFERTY, Superintendent East New Jersey State Prison, and Robert Del Tufo, Attorney General of the State of New Jersey, Respondents.**

Civ. No. 91–1881 (HLS).

United States District Court,
D. New Jersey.

Feb. 4, 1992.

Neil Mullin, Smith, Mullin & Kiernan, P.C., West Orange, N.J., for petitioner.

Susan B. Gyss, Asst. Prosecutor, Office of the Hudson County Prosecutor, Jersey City, N.J., for respondents.

## OPINION

SAROKIN, District Judge.

This case is a testament to the principle "Justice Delayed is Justice Denied." We must ask ourselves why the current clamor and rush to carry out death sentences, but no similar urgency in freeing one who might be wrongly convicted and confined.

Vincent James Landano has been up and down the judicial ladder enough times to exhaust anyone and destroy their spirit. Nonetheless, he has been ordered to resume the journey once again on the grounds that his current claims upon which this court granted him habeas corpus relief must receive further review by the state courts.

The futility and delay engendered by that process are self-evident. Either the state court will grant the relief which this court previously granted or, failing same, this court will do so when the matter is returned to it—the same facts and law being presented. Thus, the petitioner, some one or two years hence, will be in the same position he was in on July 27, 1989, the day this court granted his petition. Then most certainly the appeals on the merits will commence.

Here is a man who has served over twelve years in prison and almost as many fighting for his freedom in our justice system. If one's liberty, once unconstitutionally taken, can only be restored after so many years of confinement and confoundment, then the Great Writ will be rendered worthless. Rather than crying out for speedy executions for those who have been convicted of capital crimes, we should be crying out for the prompt release of those who may have been wrongly convicted and confined—cries of freedom rather than death.

And now, despite all of the questions raised about the petitioner's guilt and the prosecution's conduct, the State moves to have the petitioner returned to custody pending resolution of the state proceedings, by seeking dismissal of Landano's pending petition for habeas corpus relief.

*Background*

The factual and procedural histories of this case are long and complex. They have also been set out at length in previous opinions of this court and the Third Circuit issued at earlier stages of the present litigation.[1] The court therefore incorporates its discussion of the factual and procedural background of this case in its opinions of July 27, 1989, May 2, 1991, and May 6, 1991.

It will be useful, however, to review briefly recent procedural events in this action to provide a context for the pending motion. After unsuccessfully pursuing a motion for a new trial and a petition for post-conviction relief in the state courts, petitioner Landano ("Landano") filed a petition for a writ of habeas corpus in this court. On September 29, 1987, this Court denied relief to petitioner, 670 F.Supp. 570 (D.N.J.1987), *reconsideration denied,* 675 F.Supp. 204 (D.N.J.1987), the Court of Appeals affirmed this decision, 856 F.2d 569 (3d Cir.1988), and the United States Supreme Court denied certiorari. 489 U.S. 1014, 109 S.Ct. 1127, 103 L.Ed.2d 189 (1989).

On June 8, 1989, petitioner sought and was granted an *ex parte* order by this court for the seizure of state files relating to this case. Based on information discovered in the seized files, Landano filed an Order to Show Cause with this court why a writ of habeas corpus should not issue. The court granted Landano's motion to reopen the court's prior judgment, pursuant to Rule 60(b)(6), 126 F.R.D. at 638, found that Landano had satisfied his exhaustion requirements, *Id.* at 644, vacated its order denying Landano's petition, and issued a conditional writ of habeas corpus. *Id.* at 654. The court found that:

> New information has been presented to the court which demonstrates that evidence which may have exculpated the petitioner and inculpated another had been systematically withheld from the petitioner and his counsel.

*Id.* at 630. This information included a handwritten document from police files, indicating that two witnesses, one of whom testified for the prosecution at trial, had been shown only a photograph of Landano and failed to identify him as the perpetrator ("the ID on Landano"); and a police department continuation report stating that a witness picked out a photograph of a different man, whom Landano had contended at trial to have been the perpetrator, as resembling a man seen driving the getaway car ("the Pasapas ID").

This court found that both documents had been suppressed and that either presented a substantial probability that the jury's verdict would have differed had the information contained within them been available to the defense at trial. Relying on *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the court concluded that Landano's Fourteenth Amendment due process right to a fair trial had been violated by the prosecution's failure to turn over these documents, and that the suppression of each of them constituted an independent constitutional violation re-

---

**1.** This court's opinion of July 27, 1989 is set forth at 126 F.R.D. 627 (D.N.J.1989). The Third Circuit's opinion, reversing this court's determination, is set forth at *Landano v. Rafferty,* 897 F.2d 661 (3d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990).

quiring granting of the writ. 126 F.R.D. at 654 & n. 13.

The Court of Appeals for the Third Circuit reversed this determination, holding that Landano had failed to exhaust his state remedies with respect to the information uncovered in the seized files, and that no exceptional circumstances existed justifying suspension of the exhaustion requirement. 897 F.2d at 674–75. On November 1, 1990, Landano filed a new state petition for post-conviction relief. On November 15, 1990, the Supreme Court of New Jersey issued a stay of the arrest order for Landano, pending disposition of Landano's petition for post-conviction relief.

On February 4, 1991, defendants John J. Rafferty, Superintendent, East New Jersey State Prison, and Robert Del Tufo, Attorney General of the State of New Jersey, (collectively, "the State") filed an answer opposing Landano's petition. The grounds for their opposition, however, is disputed. Landano contends that defendants took the position that no state remedies were available to Landano for any of the issues addressed in his petition because all of them had been exhaustively litigated in prior state proceedings; the State now denies it argued that Landano had exhausted his state remedies. In a letter dated February 7, 1991, Landano indicated that he had argued before the Third Circuit that his state remedies were exhausted, but felt compelled by the Third Circuit's mandate to seek a plenary hearing in state court. By letter dated February 7, 1991, the state responded, claiming that its prior submissions had not asserted that Landano had presented all his claims to the state court previously.

On March 8, 1991, the Honorable Maurice A. Walsh, Jr., J.S.C., dismissed Landano's petition without an evidentiary hearing. Landano contends that Judge Walsh's dismissal was based on a factual finding that all the claims Landano raised were barred as having already been litigated in the state courts. Based upon his view that this decision fulfilled the Third Circuit's mandate to exhaust his state remedies, Landano filed in this court on March 11,

1991 an order to show cause why a writ of habeas corpus should not issue, which this court treated as a new petition for habeas relief. Supplemental Opinion, No. 91–1881, Slip Op. at 3 (D.N.J. May 6, 1991) (Pet.Ex. at 1096A).

On March 12, before the scheduled hearing was to occur before this court, the State filed a notice of motion seeking a rehearing before Judge Walsh on the grounds that his prior decision had been defective in not recognizing that there existed a genuine unexhausted factual dispute concerning the "ID on Landano" and "Pasapas ID" documents, entitling Landano to a hearing on the merits. Because of the pendency of the State's motion for a rehearing, this court denied Landano's order to show cause, but did not dismiss the underlying petition. The State then consented on the record that no application would be made to arrest Landano until this Court had an opportunity to rule on his pending application.

On April 8, 1991, Judge Walsh issued a second opinion, in which he stated that he had not previously held that the new issues raised by the "ID on Landano" and the "Pasapas ID" had been barred by previous state court litigation. Letter Opinion, Ind. No. 73–76, Slip Op. at 5–6 (N.J.Super.Ct. April 8, 1991) (Pet.Ex. 1009A–10A). Judge Walsh further stated that his earlier opinion had found, based on a "hearing on the merits," that the "so-called new issues" would not have caused any change in the guilty verdict, even if they were found to have involved prosecutorial misconduct. *Id.* at Slip Op. 3–4 (Pet.Ex. 1008A–09A). Hence, he stated, his denial of Landano's petition regarding the new issues had been on the merits, not due to their prior litigation. Judge Walsh then denied the state's motion for rehearing or clarification. Landano filed a notice of appeal of Judge Walsh's decision in the Appellate Division on May 14, 1991.

On April 19, 1991, the State moved before the New Jersey Supreme Court to dissolve its stay of the arrest order. On May 1, 1991, the Supreme Court vacated the stay without opinion and ordered that

Landano could be arrested as of 5 p.m., May 2, 1991.

The same day, Landano's counsel contacted this court to arrange a hearing, as had been contemplated when the parties appeared before the court on March 12, at which time the state had consented that "no application to place Mr. Landano in custody shall be made until notice has been given to [Landano's counsel] and an opportunity afforded to him to be heard by this Court." Transcript of Order to Show Cause Proceeding, No. 89–2454, at 3 (D.N.J. May 2, 1991) (Pet.Ex. 1061A). In order to arrange this hearing, the court scheduled a conference call with all parties for the following morning. In that conference, counsel for the State informed the court that the prosecutor would not honor its agreement and would not comply with the order, and claimed that it was without power, ability, or authority to prevent the arrest of Landano by the Department of Corrections.

Upon hearing that the state intended to act in contempt of this court's order, the court ordered all parties to appear before it at 10:00 a.m. on May 2, 1991, for argument. At that time, Landano filed an order to show cause why a writ of habeas corpus should not issue with temporary restraints in the form of federal bail. This court declined to rule on Landano's habeas petition on an exigent basis, but granted bail, issuing an opinion from the bench supplemented by a written opinion, issued May 6, 1991.

The State filed a notice of appeal and moved for stay of the bail order. The stay of the bail order has been denied; the appeal of this court's order is currently pending before the Third Circuit.

On May 31, 1991, the State filed an answer to Landano's successive petition for habeas corpus, filed on March 11, 1991. The state's answer was accompanied by the motion to dismiss which the court addresses herein.

*Discussion*

Landano's renewal of his petition for habeas relief on March 11, 1991 was premised on his view that the Third Circuit's mandate that he exhaust available state remedies had been satisfied by the state court proceedings he instituted on November 1, 1990. Although Landano's appeal of the trial court's denial of his petition for postconviction relief is still pending before the Superior Court of New Jersey Appellate Division, Landano contends that the exhaustion requirement has been satisfied by Judge Walsh's determination, in his first opinion, that "all issues" in Landano's state petition had previously been submitted to state court, and by the state's alleged initial position, in its answer to Landano's state petition, that Landano was barred because all of his claims had been adjudicated in prior state proceedings. Pet. Brief at 32.

The state has now moved to dismiss Landano's petition on the grounds that Landano has failed to exhaust his state remedies. The State disputes Landano's factual claims, contending that the State has never questioned that the "ID on Landano" and the "Pasapas ID" were new issues, not previously litigated in state court, and that Judge Walsh's first opinion recognized that these claims were not exhausted.[2] Resp. Brief at 26, 28. Further, the State argues that Landano is not entitled to federal bail under the "extraordinary circumstances test" of *Lucas v. Hadden*, 790 F.2d 365 (3d Cir.1986).

In opposition to the State's motion, Landano makes three arguments: (1) that in light of its initial position before Judge Walsh, the State is barred by the doctrine of judicial estoppel from asserting the nonexhaustion defense; (2) that comity requires this court to reach the merits, since both the State and the state courts have allegedly acted in bad faith to interfere with this court's jurisdiction; and (3) that petitioner is excused from the exhaustion requirement because the state judicial sys-

---

**2.** Respondent also argues that Landano is time-barred from seeking relief under Fed.R.Civ.P. 60(b). Resp.Brief at 36.

tem, not providing any post-conviction relief in the form of bail, is ineffective to protect his rights. Pet.Brief at 46–56.

*Exhaustion of State Remedies*

The legal standard governing the availability of federal habeas relief is codified at 28 U.S.C.A. § 2254:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. Any applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The court addresses the issues presented on this motion mindful of its responsibility to treat the Court of Appeals' decision as the law of the case, having reversed this court's earlier determination that exhaustion had occurred.

■ Judicial interpretation of the federal habeas statute has made clear that the exhaustion requirement is not jurisdictional, but "arises rather from interests of comity between the state and federal systems." *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 46, 112 L.Ed.2d 23 (1990) (citation omitted); *see also Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982) (comity is the basis for the exhaustion doctrine). Nevertheless, although not jurisdictional, the exhaustion rule is "to be strictly enforced." *Strickland v. Washington*, 466 U.S. 668, 679, 104 S.Ct. 2052, 2060, 80 L.Ed.2d 674 (1984).

■ Under this standard, the court finds Landano's arguments regarding the merits of his petition unconvincing. First, Landano has not established he is entitled to exemption from the exhaustion requirement based on an "absence of available state process" or "circumstances rendering such process ineffective." Judge Walsh's April 8 opinion makes clear that Landano's petition for post-conviction relief based on the newly discovered evidence was denied on the merits. The ordinary state appellate process is now available to Landano; indeed, he has already filed an appeal.

■ The general rule of requiring exhaustion where a state corrective process is available is not "rigid and inflexible." As the United States Supreme Court has said, "district courts may deviate from" the general rule requiring exhaustion and "grant relief in special circumstances:"

> Whether such circumstances exist calls for a factual appraisal by the court in each special situation. Determination of this issue, like others, is largely left to the trial courts subject to appropriate review by the courts of appeals.

*Frisbie v. Collins*, 342 U.S. 519, 520–21, 72 S.Ct. 509, 510–11, 96 L.Ed. 541 (1952). Landano, however, has not demonstrated a basis for waiving the exhaustion requirement under *Frisbie*'s "special circumstances" test. As the Third Circuit said, "'[e]xhaustion ... serves an interest *not* of state prosecutors but of state courts;' ... [t]herefore, an exception 'punishing' the prosecutor for misconduct by withholding the exhaustion defense would clearly not serve the interest of comity." *Landano*, 897 F.2d 661 (*quoting U.S. ex rel. Trantino v. Hatrack*, 563 F.2d 86, 96 (3d Cir.1977), *cert. denied*, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978)) (rejecting view that systemic, bad faith suppression of exculpatory evidence constitutes waiver of non-exhaustion argument). Regarding Landano's argument that the State is judicially estopped from raising non-exhaustion, the court observes that the exhaustion requirement is premised on respect for the state courts and is not based upon the arguments or actions of the prosecution. Hence, even if the state has taken inconsistent positions before federal and state courts which might, in other circumstances, bar it from raising a defense, such conduct

would not by itself excuse this court from determining whether plaintiff has exhausted his state remedies. *Cf. Granberry v. Greer,* 481 U.S. 129, 133, 107 S.Ct. 1671, 1674, 95 L.Ed.2d 119 (1987) (state's failure to raise non-exhaustion defense until appeal of adverse habeas determination in district court did not constitute absolute waiver).

 Likewise, the comity doctrine itself does not require this court to disregard the availability of state process as Landano contends. Once again, a prosecutor's failings, whether in suppressing exculpatory evidence or taking inconsistent positions before different courts, cannot justify this court in refusing to defer to the state courts on matters properly within their jurisdiction, where they have not yet had an opportunity to pass on the matter. *See Ex parte Hawk,* 321 U.S. 114, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944). This court also finds no basis for denying deference to the state court by virtue of the fact that a superseding opinion appears to contradict a prior one, no matter how markedly.

 Finally, Landano has not carried the burden of establishing that he has in fact exhausted his state claims. This court has no grounds for disregarding Judge Walsh's opinion of April 8, 1991, in which he clearly stated that consideration of the "ID on Landano" and "Pasapas ID" issues was not precluded under the New Jersey rule barring relitigation where a ground of relief has been determined on the merits in a prior adjudication. N.J.Rule Crim.P. 3:22–5. Landano is not precluded from appealing Judge Walsh's adverse determination in the state courts.

### Federal Bail

The court therefore concludes that Landano has failed to exhaust his state remedies with regards to claims based on the "ID on Landano" and "Pasapas ID" documents. Landano's exclusive avenue for pursuing these claims lies, for the present, in the state courts. The availability of bail, however, raises a different issue. The Third Circuit has recognized "the inherent power of a federal habeas tribunal to admit a state petitioner to bail pending a ruling on the claims asserted in the petition." *Lucas v. Hadden,* 790 F.2d 365 (3d Cir. 1986) (*citing United States ex rel. Slough v. Yeager,* 449 F.2d 755 (3d Cir.1971); *Johnston v. Marsh,* 227 F.2d 528 (3d Cir. 1955)). In the Third Circuit, the "extraordinary circumstances" test provides the "standard by which to determine when bail may be granted to a habeas petitioner prior to a ruling on the merits of the petition." *Lucas,* 790 F.2d at 367.

Thus, in *Johnston v. Marsh,* federal bail was granted where a petitioner was extremely ill and sought to be admitted to a hospital pending resolution of his habeas petition. 227 F.2d 528; *see also Woodcock v. Donnelly,* 470 F.2d 93, 94 (1st Cir.1972). Further, the Third Circuit has made clear that a habeas petitioner's poor health is not the only extraordinary circumstance "that may justify a grant of bail prior to disposition of the habeas petition." *Lucas,* 790 F.2d at 367. Other circuits, for example, have indicated that "extraordinary circumstances" may include short sentences too near their completion to make collateral review an effective remedy, *see, e.g., Calley v. Callaway,* 496 F.2d 701, 702 n. 1 (5th Cir.1974), *application denied,* 418 U.S. 906, 94 S.Ct. 3196, 41 L.Ed.2d 1153 (1974); *Noyd v. Bond,* 395 U.S. 683, 689, 89 S.Ct. 1876, 1880, 23 L.Ed.2d 631 (1969); *Levy v. Parker,* 396 U.S. 1204, 90 S.Ct. 1, 24 L.Ed.2d 25 (1969); *Boyer v. City of Orlando,* 402 F.2d 966 (5th Cir.1968), and extraordinary delay in processing a habeas petition. *Glynn v. Donnelly,* 470 F.2d 95 (1st Cir.1972); *cf. Landano,* 897 F.2d at 675, n. 23 (inexcusable or inordinate delay by the state in processing petitioner's claims for relief would permit petitioner to seek relief in federal court notwithstanding failure to exhaust state remedies).

 In its prior opinion ruling on Landano's request for bail, this court found that Landano's case "clearly presents exceptional and extraordinary circumstances which warrant the release of petitioner on bail." *Landano v. Rafferty,* Supplemental Opinion and Order, Civ. No. 91–1881 (D.N.J. May 6, 1991), Slip Op. at 7 (Pet.Ex. 1100A).

This court's May 6 opinion listed four factors cumulatively satisfying *Lucas'* "extraordinary circumstances" test. First, this court has already determined, in its opinion of July 27, 1989, that petitioner may be innocent of the charges for which he was convicted; accordingly petitioner has in the view of this court a likelihood approaching certainty of success on the merits.[3] Second, "petitioner and respondent agree that the State of New Jersey makes no provision for bail pending resolution of an application for post-conviction relief in the state system." Slip Op. at 7. Third, "petitioner has been at large since this court issued the writ of *habeas corpus* on July 27, 1989, and, to the court's knowledge, has done nothing to suggest that he presents a risk of flight or a danger to the public." *Id.* at 8. Fourth, respondent's actions themselves provided a reason for extending bail:

> ... the actions of the Hudson County Prosecutor's Office, in requiring that this court act without benefit of a formal motion or briefing and in representing that it could not stop the arresting authorities from sending petitioner back to prison pending a hearing, also contribute to the circumstances which motivate this court's decision to grant bail pending receipt of the State's motion to dismiss the petition. The State's representations, including its representation that it would violate this court's order of March 12, 1991, which was entered by consent, strongly suggest that the state has acted at a level of bad faith sufficient to require this extraordinary form of relief.

Slip Op. at 8.

Based on these factors, this court concluded that:

[t]his confluence of factors strongly suggests to the court that this case presents "extraordinary circumstances" under *Lucas*, warranting the granting of bail for the limited purpose of affording the parties an opportunity to address, and the court an opportunity to decide, the complex and novel issues of exhaustion raised by Landano's latest petition for relief.

*Id.*

The benefit of further briefing on the legal and factual issues in this case have further satisfied the court that the four extraordinary factors identified in the court's May 6 opinion were factually and legally sound, and continue to apply to petitioner with undiminished force. Accordingly, the court concludes that the *Lucas* "extraordinary circumstance" test is no less satisfied now then when Landano presented his emergency application for bail to this court in May 1991.

Moreover, the court concludes that the basis for extending bail to Landano is stronger than the court recognized at the time it issued the May 6 opinion. First, after having a fuller opportunity to review the applicable state law, the court is convinced that, except in circumstances that do not apply here, no interim bail remedy is available in New Jersey pending post-conviction review.[4] Second, the intervening months have provided further evidence that petitioner presents neither a risk of flight nor a danger to the public.

Third, and most significant, the court has concluded that the behavior of the State before this tribunal is to be condemned for a reason beyond those cited in the May 6

---

**3.** For a discussion of the merits of Landano's petition, based on the newly discovered evidence, see *Landano v. Rafferty*, 126 F.R.D. at 644–54. The Third Circuit has stated that "[w]e doubt that it is appropriate to grant bail prior to ruling on a state habeas petition solely on the ground that there is a high likelihood of success on the merits, especially absent exhaustion of state remedies." *Lucas*, 790 F.2d at 367. However, this court finds it significant that the Circuit court did not state that likelihood of success was irrelevant to the appropriateness of bail. To the contrary, the carefully qualified conclu-

sion that the granting of bail *"solely* on the ground that there is a high likelihood of success on the merits" is inappropriate, implies that the strength of petitioner's argument on the merits is properly taken into account as a factor to be weighed in determining the availability of bail, albeit not a sufficient grounds in itself. Further, *Lucas* is distinguishable because the petitioner's claim therein did not involve allegations of egregious prosecutorial misconduct, as have been raised here.

**4.** See discussion *infra.*

opinion. More than merely indicating prosecutorial bad faith, the pattern of misrepresentation and disrespect for the orders of this court and the New Jersey Supreme Court displayed by the state in connection with the May 2 hearing represent a course of conduct that may contribute substantially to delays in efforts by petitioner to attain timely final resolution of his claims. Such prosecutorial maneuvering could, if encouraged, have the effect of contributing to inordinate delays in the processing of petitioners' claims for relief. Such delay has been recognized as a separate grounds for granting post-conviction bail, *see Glynn v. Donnelly*, 470 F.2d at 99 ("extraordinary delay" by district court might justify appellate court in granting federal bail to habeas petitioner), and even for waiving the exhaustion requirement and entertaining an unexhausted habeas petition on the merits. *See Landano*, 897 F.2d 675 n. 23 (delay by state court). While the court does not go so far as to find the State's behavior a basis for considering the petition on the merits, the court is satisfied that the potential for delay inherent in the State's behavior is an independent "extraordinary factor" weighing in favor of granting federal bail in this case.

■ The question that remains to be addressed is whether the court's determination that Landano has failed to exhaust his underlying claims precludes the court from continuing to extend federal bail. Because the court concludes that it is not so precluded, it will order that Landano's bail be continued, pending the appeal of his claims in the state courts.

In reaching this conclusion, the court is guided by the fact that the Third Circuit has clearly contemplated a situation in which a federal court may retain jurisdiction of a habeas petition in order to extend bail, even though the petitioner has failed to exhaust his state remedies. *See Lucas*

*v. Hadden*, 790 F.2d at 367. In *Lucas* itself, for example, the district court had ordered petitioner to exhaust his state remedies while deferring ruling on the merits of his petition and admitting him to bail pending exhaustion of his claim in the state courts. *Id.* at 366. Further, at the appellate level in *Lucas*, it was conceded that petitioner had not exhausted state remedies, yet, in denying him bail, the circuit court reached the issue of the appropriate standards for federal bail, rather than merely dismissing his bail application based on his failure to exhaust his underlying claims. *Id.* It may be that the class of cases permitting such an arrangement is minuscule, particularly because, as the Third Circuit has indicated, non-exhaustion of state remedies is itself a factor weighing against the granting of federal bail. *Id.* However, the court concludes that where sufficient "extraordinary circumstances" exist, a federal court will be justified in granting bail notwithstanding petitioner's failure to exhaust; and the court is satisfied that the present action easily falls within this class of cases.

■ Further, the court concludes that, although petitioner has failed to exhaust his state remedies on his claims for permanent relief, he is properly excused from the exhaustion requirement with respect to his claims for interim relief, based on the "absence of available state corrective process." 28 U.S.C.A. § 2254. As both parties have recognized, New Jersey law does not provide for relief in the form of bail in post conviction proceedings.[5] New Jersey courts have held that "while a defendant before trial has a constitutional right to bail, any right to bail after conviction must be statutory." *State v. Garcia*, 193 N.J.Super. 334, 338, 474 A.2d 20 (App.Div. 1984). It is this court's view that no New Jersey statute authorizes bail in a post-conviction proceeding such as this. In

---

5. *See* Supplemental Opinion, May 6, 1991, Slip Op. at 7 (Pet.App. at 1094A); Respondent's Letter Memorandum to the New Jersey Supreme Court, Indictment No. 73–76, March 11, 1991, at I & XIII (Pet.App. at 967A & 979A) ("bail is not available during the pendency of a Petition for Post–Conviction Relief;" "[i]n summary, the de-

fendant does not enjoy a constitutional right to post-conviction bail; the bail statutes are void of any provision which defendant might rely upon, and the New Jersey Rules of Court provide no guidelines or procedures that would permit the defendant to prosecute a post-conviction relief application while admitted to bail").

*State v. Rose*, 88 N.J.Super. 86, 210 A.2d 793 (Law Div.1965), the Law Division held that a defendant was not entitled to release on bail pending resolution of a post-conviction proceeding, since no specific court rule affirmatively provided for such relief. The only rule providing for post-conviction bail, now Court Rule 2:9–4, provides for bail "[p]ending appeal to the Appellate Division." The *Rose* court interpreted this rule as allowing bail only pending the prosecution of an appeal before an appellate court, not in a motion for post-conviction relief. *See also State v. Smith*, 43 N.J. 67, 74, 202 A.2d 669 (1964), *cert. denied*, 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965) ("a post-conviction proceeding may not be used as a substitute for an appeal from a judgment of conviction"). This interpretation has been followed by other New Jersey courts. *See, e.g., State v. Cavanaugh*, 174 N.J.Super. 90, 94, 415 A.2d 390 (Resentencing Panel 1979) ("[a] defendant, prior to conviction, generally has a right to bail, not merely by rule (R. 3:26–1), but by force of Constitution. After conviction in the event of appeal, he has the right to bail only under the specific circumstances set forth in R. 2:9–4.... No provision is made for bail in post-conviction relief applications") (*citing State v. Rose*).

In petitioner's state court proceeding itself, Judge Walsh denied bail on the grounds that "[i]n New Jersey it seems that bail is not available in [post-conviction relief] petitions." Transcript of Court's Opinion, Indictment No. 73–76, at 23 (Superior Court, Law Div. November 7, 1990) (Pet.App., State Court Transcripts, Ex. 2). Based on a review of the state authorities, Judge Walsh concluded that "there is no bail available in a case such as this one which I am attempting to decide." *Id.* at 24 (*citing State v. Rose*, 88 N.J.Super. 86, 210 A.2d 793). On November 7, 1990, the Appellate Division affirmed Judge Walsh's denial of bail without opinion. On November 15, 1990, the New Jersey Supreme Court took the unusual step of staying Landano's arrest pending disposition of his petition for post-conviction relief. Order, No. M–407/408/409 (Sup.Ct.N.J. Nov. 15, 1990) (Pet.App. at 1107A–08A). However,

the Supreme Court dismissed as moot Landano's motion for bail, thus making clear that the extraordinary relief it had afforded Landano was not premised on any right under state law to bail pending pursuit of post-conviction relief. Accordingly, the court concludes that under the present state of New Jersey law, bail is not available in a petition for post-conviction relief. Hence, petitioner's failure to exhaust his state claims for permanent relief is no bar to this court providing him relief with respect to claims for interim relief, for which there is no state corrective process.

■ Further, the court finds it significant that the concern for comity between state and federal courts, which underlies the exhaustion doctrine, is not implicated by granting bail to petitioner. *Strickland v. Washington*, 466 U.S. 668, 679, 104 S.Ct. 2052, 2060, 80 L.Ed.2d 674 (1984); *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). There would be no point in sending Landano back to the state system to pursue bail relief which is unavailable there. Nor, under comity principles, is there any affront to the state courts in this court retaining jurisdiction solely in order to extend bail, since New Jersey courts could not "pass upon the matter" in any case. *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) ("the doctrine of comity ... 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter'") (*quoting Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950) (citation omitted)).

Moreover, this court has already reviewed and passed upon the appropriateness of releasing petitioner on federal bail. *Cf. Granberry v. Greer*, 481 U.S. 129, 135, 107 S.Ct. 1671, 1676, 95 L.Ed.2d 119 (1987) ("if a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred, it may also be appropriate for the court of appeals to hold that the non-exhaustion defense has been waived in order to avoid unnecessary delay

in granting relief that is plainly warranted"). Accordingly, the ends of respect for state judicial process, justice, and judicial economy are best served by relying on and reaffirming the previous determination of this court, that petitioner has satisfied the high standard required for the granting of federal bail pending disposition of post-conviction relief proceedings.

The court concludes that the non-exhaustion and comity doctrines mandate that this court should not proceed to the merits of petitioner's claim until he has presented the unexhausted new issues, as identified by the Third Circuit, to the state courts and pursued all applicable appellate procedures therein. However, the court further finds that the principle of comity also permits this court to continue bail to petitioner while he pursues his state remedies. Therefore, this court will retain jurisdiction for the limited purpose of affording petitioner bail, but stay all other proceedings before this court until such time as petitioner has fully exhausted his state remedies.

*Conclusion*

For the foregoing reasons, respondent's motion to dismiss is denied, petitioner's grant of bail is renewed, and this action is otherwise stayed, pending petitioner's exhaustion of appropriate state remedies.